No. 23,286.

THEODOSIA DAVIES, as Administratrix, etc., *Appellee*, v. NORMAN LUTZ and LOUISE LUTZ, *Appellants* (THE EXCHANGE STATE BANK et al., *Appellees*).

### SYLLABUS BY THE COURT.

1. SALE OF LAND—*False Representations—Instructions.* The instructions in an action involving a claim of false representation are held to have been either correct or nonprejudicial.
2. NOTE AND MORTGAGE—*Made to Stranger to Avoid Taxation.* The rule followed that payment of a mortgage cannot be defeated by showing that the person making the loan, for the purpose of evading taxation, caused the mortgage to be made to another who assigned it to him.
3. FORECLOSURE OF MORTGAGE—*Rulings on Evidence.* Rulings admitting and rejecting evidence are held to have been either correct or nonprejudicial.
4. SAME—*Motion for Change of Venue Without Merit.* A motion for a change of venue is held to have been without merit.
5. PROCESS—*Nonresident Attending Court in this State—Exempt from Service of Summons.* A resident of another state who comes here to attend a trial as a witness is during such attendance exempt from the service of summons.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed March 11, 1922. Affirmed.

*George E. McMahon,* of Anthony, for the appellants.
*E. C. Wilcox,* of Anthony, and *T. A. Moxcey,* of Atchison, for the appellees.

The opinion of the court was delivered by

MASON, J.: O. A. Simmons, the owner of a tract of land in Harper county containing 447½ acres, on February 7, 1910, executed to the Exchange State Bank, of Nortonville, a five-year note for $10,000, with a mortgage on said land securing it. On February 14, 1910, the bank indorsed the note (without recourse) and assigned the mortgage to John W. Davies. On July 24, 1911, Simmons conveyed the land subject to the mortgage to Norman Lutz, who in the deed assumed its payment. On March 2, 1918, Davies brought an action to foreclose the mortgage. Lutz resisted the foreclosure on the ground that he had been induced to purchase the land by fraudulent representations of its value, and in a cross-petition set up a claim for damages against the plaintiff and others on account of the fraud. The original plaintiff having died, his administratrix was substituted. A trial resulted in a verdict and judgment for the plaintiff, and Lutz and his wife appeal. Lutz will hereafter be spoken of as the defendant.

The note and mortgage were not made in return for a loan by the bank to Simmons. He received no consideration for them from the bank, which held them and transferred them to Davies for his benefit, he receiving the proceeds, and conducting the negotiations. As we understand the defendant's claim of fraud it may be thus stated: The execution of the note and mortgage to the bank, with the use that was thereafter made of them, amounted to a false representation that the bank had lent $10,000 upon the security of the land, which was material because a prospective buyer would naturally infer that if a bank would lend that much upon it, it must be worth considerably more. The jury not only by their general verdict but by answers to special questions found that Simmons made no false representations to the defendant concerning the land.

1. The defendant alleges that the charge to the jury did not fairly set out his claims as made in his cross-petition. One complaint is that the instructions were so worded as to lead the jury to suppose that the defendant relied merely upon oral misrepresentations instead of upon the fact of the note and mortgage having been made to the bank, which had no interest in them. The defendant pleaded and apparently attempted to prove certain oral statements, and the instructions not only referred to these but also set

out in much the words of the pleading the claims with regard to the purpose and effect of the note and mortgage being drawn so as to run to the bank.. In defining fraud one instruction used the phrase "false statements" where "false representations" would have been more accurate, but we do not regard this as prejudicial error, particularly in view of the fact that no other instruction was asked on the subject. In stating the plaintiff's theory the court spoke of the note as "an accommodation note insofar as the bank was concerned, and in which they [the bank] had no pecuniary interest." The use of the word "accommodation" is complained of as incorrect. Whether it was technically accurate or not the.further use of the phrase "in which they had no pecuniary interest" showed clearly what was meant and no prejudice could have resulted. In enumerating the defendant's claims of fraud the court named the false statements as to the character of the land before the matter of the papers being made to the bank, although in the pleading they appeared in the reverse order. This the defendant regards as giving undue emphasis to the oral statements. We think the order wholly immaterial. Objection is made because the jury were told that if Simmons procured a loan of $10,000 from Davies and was the real owner of the note and mortgage he had executed to the bank, it was legal and perfectly proper for him to cause them to be transferred to. Davies. .We see nothing illegal in such a transaction, in and of itself. A recital in the charge that the cross-petition alleged that the plaintiff had represented the land to be worth $20,000 is criticised because the allegation was that if the representations concerning its character had been true it would have been worth that amount. The difference is not enough to form a basis for reversal. The defendant asserts that the court wrongfully led the jury to believe that he had introduced evidence that Davies had not paid taxes on the note and mortgage on the theory that that fact if proved would constitute a complete defense. The instruction complained of on this account is not open to that interpretation. It merely states that the nonpayment of taxes would not constitute a defense, but might be taken into consideration in determining whether Davies had been the owner of the paper.

2. The defendant complains of the failure of .the court to instruct the jury that if the purpose of having the note and mortgage made to the bank and by it assigned to Davies, instead of being

made directly by Simmons to Davies, was to enable Davies to evade the payment of taxes thereon, the plaintiff could not recover. That fact if it existed would not enable the defendant to escape liability on the mortgage. (*Berridge v. Gaylord,* 108 Kan. 105, 193 Pac. 1066.)

3. The plaintiff was permitted to introduce evidence tending to place a low value on the land which the defendant traded to Simmons. This evidence was not competent upon the question of the amount of damages the defendant was entitled to, if any. The jury were instructed, however, that they should not consider it upon that issue, but only upon the issue whether Lutz relied upon the false representations alleged to have been made. The special finding that no such representations were made took both questions out of the case. These facts prevent the evidence from having been prejudicial within the rule of the cases in which the rejection of such evidence has been held proper and we do not regard it upon any ground as furnishing a basis for reversal. (*Griffin v. Kaufman,* ante, p. 182, 203 Pac. 924.)

The plaintiff at the end of the first day of the trial rested the case. The next morning it was reopened and additional evidence was introduced. Complaint is made on this account, but the matter was within the discretion of the court. The fact that a witness was recalled and modified his testimony previously given is complained of, but that procedure was not objectionable.

Complaint is made of the rejection of a copy of an inventory of the estate of the original plaintiff filed in the probate court in Texas. Its only apparent purpose was to show that the administratrix had not returned the note and mortgage in that state as a part of the assets, and as this fact was admitted by her the ruling was nonprejudicial. Such admission was made in a deposition taken in her own behalf, and while the deposition was not introduced in evidence the admission as made was available to the defendant. It shows that in fact there was no controversy over the matter; and the exclusion of the copy of the inventory was not of such importance as to warrant a reversal. The contention is made that because the inventory showed property to the value of only $23,954.11 it tended to contradict evidence that Davies was a man of wealth, loaning large sums. We regard the excluded evidence as of too little consequence in that connection to furnish a ground for order-

Davies v. Lutz.

ing a new trial. The court appears to have excluded from a deposition a statement of the value of the mortgaged land in 1908 and 1909, two years before the deal here involved was made. As there was no apparent difficulty in obtaining evidence of its value at the time in question the ruling was not harmful. Evidence was admitted of the personal property returned for taxation by the original plaintiff for the years 1910 to 1915, inclusive. The defendant also offered a copy of his statement for 1909, which was excluded, being prior to the execution of the mortgage sued on. This ruling is complained of, but we see no error in it.

4. The overruling of a motion for a change of venue on the ground of prejudice on the part of the judge is assigned as error and argued at some length. The motion was without substantial basis.

5. Simmons, who at the time was a resident of California, attended the trial as a witness in behalf of the plaintiff. While he was so in attendance the defendant caused him to be served with a summons as one of the persons against whom his cross-petition set out a cause of action for damages. The service was properly quashed upon the ground that a resident of another state who comes here to appear as a witness in litigation is during such attendance immune from the service of summons. (*Underwood v. Fosha,* 73 Kan. 408, 85 Pac. 564, and cases there cited.) "The immunity from service of civil process of a witness while attending a trial in a state other than that of his residence to give evidence seems to be universally recognized." (21 R. C. L. 1305.)

Various other claims of error are made, many of which involve an argument upon the facts in controversy. We think, however, that further discussion is not warranted.

The judgment is affirmed.