No. 26,520.

J. L. FINLEY, *Appellee,* v. L. C. PIERCE and J. W. DORSEY DEGOOD, Partners, doing business as THE ST. FRANCIS MILLING COMPANY, *Appellant.*

SYLLABUS BY THE COURT.

1. EVIDENCE—*Conclusions—Admissibility.* Testimony by a witness that he had made a sale of a quantity of corn, although a collective fact and in a sense a conclusion, is not inadmissible, and if there is a real dispute as to the sale, the details relating to it may be elicited on cross-examination.

2. TRIAL—*Discretion of Court—Order of Proof.* The order in which proof shall be produced is largely a matter within the discretion of the trial court, and the permission to offer evidence on rebuttal which should have been produced in chief is not a ground of reversal unless it amounts to an abuse of discretion.

3. EVIDENCE—*Admissibility.* Objections to the admission of certain items of testimony examined and held to be without error.

4. TRIAL—*Instructions.* Objections to rulings in the giving of instructions and the refusal of others are held to be without materiality or error.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion filed March 6, 1926. Affirmed.

*E. E. Kite,* of St. Francis, for the appellants.

*J. L. Finley,* of St. Francis, *pro se.*

The opinion of the court was delivered by

JOHNSTON, C. J.: J. L. Finley sued L. C. Pierce and J. W. Dorsey DeGood, partners, doing business under the name of the St. Francis Milling Company, to recover $128.14, the value of three loads of corn which Finley had purchased from John H. Johnson, and which had been delivered to the milling company for him. Verdict and judgment were given in favor of plaintiff and defendants appeal.

The testimony on which the verdict was based tends to show that Johnson had a quantity of corn for sale estimated to be from 1,200 to 1,400 bushels; that he sold it to Finley at the current prices on the days when delivery was made, and that it was to be delivered to the mill of the defendants for him. When the first load was delivered a sale ticket was made out in the name of Johnson, but it was transferred at once to plaintiff, and it was arranged that plaintiff was to have the tickets for the corn sold made out in his name with the price marked on the ticket. That was done with all

Appeal and Error, 4 C. J. pp. 817 n. 73, 998 n. 91. Evidence, 22 C. J. pp. 531 n. 38. 703 n. 83. Trial, 38 Cyc. pp. 1357 n. 36, 1453 n. 35.

the other loads except the three loads involved here, and these were received by an employee and the tickets made out in the name of Johnson. When the plaintiff went to settle up with defendants for the corn that had been delivered by Johnson, payment was made for all of the loads except the three mentioned, and they stated that payment for these had been made to one Felzien, who represented that Johnson owed him money and had agreed to deliver corn to him in payment of the indebtedness. When plaintiff asked one of defendants if he didn't know that the corn had been sold to him and he remarked that he did, but didn't think of it at the time the corn was delivered and the tickets were issued, and when payment was demanded Pierce told plaintiff he would see Felzien to whom payment had been made and try to have him pay back the money, but later he reported that Felzien had refused to return the money and claimed that Johnson had sold him the corn. It appears that there had been a conversation between Johnson and Felzien before the corn was delivered and Felzien claimed that Johnson agreed to sell him the three loads of corn, and that Johnson went with him to the defendant DeGood and confirmed the statement that the three loads of corn were to be applied on Johnson's debt to Felzien. Johnson and his son, who was present, admitted that there had been a conversation respecting the corn, but that there was no agreement that Felzien was to have any part of the corn. When Felzien went to the mill a clerk of defendants told him that three loads of corn had been delivered to Johnson's credit on the books, and for these three loads a check was given him for the corn. There was testimony that DeGood was present at the time of the conversation between Johnson and Felzien, and when the latter stated that he was to have three loads of corn from Johnson he said that Johnson approved it by the nod of the head. DeGood, however, continued to weigh up the corn he received in the name of the plaintiff, and had not stated to his partner or anyone else that arrangements had been made for three loads of the corn to go to Felzien. Refusing to settle for the three loads of corn, this action was brought for the value of the same.

The first error assigned by the defendants is to the admission of testimony by Johnson to the effect that he had sold all of his corn to plaintiff. It is said that this was a conclusion, and should have been excluded. It was a collective fact made up in part of primary facts and circumstances, but many ultimate facts of this character

are permissible. (*Bank v. Robinson*, 93 Kan. 464, 144 Pac. 1019.) The adverse party is at liberty to elicit the details of the statement on cross-examination. In this instance the witness did testify as to the conversation out of which the sale resulted, and it is clear that no prejudice was suffered even if it should be regarded as a conclusion or the statement of an ultimate fact.

Other objections of a similar nature are presented, but nothing material is found in them.

There was an objection to the order of proof, in that certain evidence was presented on rebuttal instead of in chief. The order in which the evidence was offered is deemed to be unimportant since it was a matter largely in the discretion of the trial court, and unless an abuse of discretion is disclosed there is no ground for complaint. (*McBride v. Steinweden*, 72 Kan. 508, 83 Pac. 822; *State, ex rel. v. Stout*, 101 Kan. 600, 168 Pac. 853.) The court may even go to the extent of reopening a case and permitting the introduction of evidence at that time without an abuse of discretion. (*Davies v. Lutz*, 110 Kan. 657, 205 Pac. 637; *Heck v. Quindaro Township*, 113 Kan. 647, 216 Pac. 293.)

An objection is made to the refusal to submit evidence of Pierce to the effect that he knew Johnson raised corn in the year 1923. This testimony would have shed no light on the issues in the case; besides later when he was asked about driving by the farm and had thus acquired knowledge of the existence of the crop, it was disclosed that he did not see the crop.

The exclusion of the testimony that Felzien had a chattel mortgage given by Johnson which was not of record is assigned as error. It proved to be a mortgage on the crop of 1921, and of course had no application to the crop of 1923. No error was committed in its exclusion.

There is complaint of a statement by the court while making a ruling on testimony, but in no sense can it be regarded as ground for a reversal.

Criticisms are made of instructions given and of some refused, but an examination of them satisfies us that nothing approaching error can be based on the objections, nor do they warrant the reproduction of the instructions and a discussion of them. Some other objections are made, but they are not deemed to be material. The evidence sustains the verdict and judgment, and no reason is seen for setting them aside.

The judgment is affirmed.