No. 27,310.

CHARLOTTE E. HAZEN, *Appellee*, v. JOHN FERRITER, *Appellant*.

(259 Pac. 788.)

SYLLABUS BY THE COURT.

BILLS AND NOTES—*Burden of Proof—Opening Case for Additional Testimony.* Proceedings considered with reference particularly to the placing of the burden of proof on defendant and refusing to open up case for additional testimony at the request of defendant after both parties had rested, and *held,* that under all the circumstances there was no error or abuse of discretion.

Appeal from Sedgwick district court, division No. 4; ISAAC N. WILLIAMS, judge. Opinion filed October 8, 1927. Affirmed.

*Hal M. Black* and *Arnold C. Todd,* both of Wichita, for the appellant.
*Ross McCormick,* of Wichita, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.:   This is a suit by Charlotte E. Hazen against John Ferriter, commenced in the district court of Sedgwick county

---

Appeal and Error, 4 C. J. pp. 796 n. 15, 797 n. 18, 818 n. 77. Limitation of Actions, 37 C. J. pp. 707 n. 61, 62, 1213 n. 52, 1243 n. 59, 1244 n. 64. Trial, 38 Cyc. pp. 1353 n. 17, 1354 n. 18, 1355 n. 30, 1360 n. 51, 52, 1361 n. 53; 26 R. C. L. 1042.

in September, 1925, upon a note where the answer, in addition to a general denial, contains a denial of the execution of the note, a plea of payment, a plea of bar by the statute of limitations, and want of consideration. The answer was verified, to which a reply of general denial was filed. Trial was had to a jury. Verdict and judgment were for plaintiff, from which defendant appeals.

The note was dated June 1, 1916, for $894.96, with interest at six per cent, and contained the following statement on the face of it: "This is given to compare with statement. Amt. being due Mrs. Hazen." On the back of the note there were indorsed seven items of payment, ranging between November 13, 1918, and December 6, 1924, amounting in all to $90.38. In the opening statement made to the jury by counsel for the defendant the execution of the note was admitted, and the contents of the note with the indorsements were by him read to the jury. After the statement of the case to the jury the court was requested to determine on whom should be the burden of proof, and placed it upon the defendant. Of this the defendant complains as error. The defendant proceeded with the introduction of his testimony, and then the plaintiff introduced her testimony; there was rebuttal testimony, and both parties rested at the close of the day on which the trial began. In the closing testimony a question was asked about the stubs of checks which the defendant had testified he had used to pay this note to the plaintiff. On the following morning when court reconvened the defendant asked to open up the case for the introduction of further testimony on behalf of the defense, and particularly for the purpose of introducing two check stubs in an old check book, one of which bore date of June 16, 1916, to Charlotte E. Hazen, for $475, "due on demand note." The other was dated July 12, 1916, to Charlotte Hazen, for $418, "bal. due on demand note." In the absence of the jury the defendant testified about his not having thought of these check stubs being evidence until the question was asked the night before; that he did not know he had them; that he had made special search during the night and found these stubs, but was unable to find the returned checks. Objection was made by the plaintiff to opening up the case, and the court sustained the objection and refused to reopen the case. Application was made twice thereafter by attorney for defendant for the same privilege and denied both times. At the last application attorney for plaintiff stated he would not

object to the reopening of the case if it would be reopened for all purposes, as he desired to put the defendant on the stand and lay a foundation ·for impeachment. The record apparently shows that the court was willing to open it for all purposes but declined to open it for the specific purpose. Defendant claims this was an abuse of judicial discretion.

A preliminary matter engaged the attention of the trial court with reference to the verification of the answer, but we do not consider that as one of the serious matters here involved, and will consider the other two important features as if the answer put in issue every allegation of the petition, including the execution of the note. However, the opening statement of counsel for defendant admitted the execution of the note sued upon, and immediately after that statement the court, at the request of counsel for the plaintiff, placed the burden of proof upon the defendant. The way the issues stood then it was incumbent upon the defendant to prove his allegations of (1) want of consideration for the execution of the note, (2) payment in full, and (3) the bar of the statute of limitations. There was nothing at that time incumbent on the plaintiff to prove, unless, by the general denial and on account of the face of the note showing it to be past due for more than five years, it might properly be said that it was incumbent on the plaintiff to prevent the bar of the statute of limitations by showing payments to have been made by the defendant upon the note so as to keep it alive. The statute of limitations has always been considered a personal privilege. Many defendants decline to use it, and permit judgment to be rendered even if it might be barred by a plea of this kind. (37 C. J. 707.) It is also an affirmative plea and one which it is usually necessary to support by evidence.

"The statute is generally considered an affirmative defense, and the burden of proof is on those seeking to avail themselves of its benefit to show that the cause of action has been barred thereby." (17 R. C. L. 1004.)

However, in this case the date of the note itself and the fact that the suit was not commenced until September, 1925, would show that the plea was good unless the bar of the statute was removed by appropriate evidence, which would be incumbent on the plaintiff. A number of Kansas cases cited by counsel for defendant hold that under such circumstances the burden would properly rest upon the

plaintiff as far as this issue is concerned, although it involves in itself two or more steps and the shifting of the burden of proof.

"The burden of introducing evidence may shift several times in one case. While the defendant may have the burden to show that the claim is barred, he need only make a *prima facie* case to shift the burden to the plaintiff, who will be obliged to prove such facts as will prevent the running of the statute, when the burden of introducing evidence may again fall on the defendant." (17. R. C. L. 1004.)

Our courts have frequently held that the order of proof is discretionary with the court.

"The order in which proof shall be produced is largely a matter within the discretion of the trial court, and the permission to offer evidence on rebuttal which should have been produced in chief is not a ground of reversal unless it amounts to an abuse of discretion." (*Finley v. Pierce,* 120 Kan. 474, syl. ¶ 2, 244 Pac. 2.)

For this reason and for the further reason that the answer raised at least two other issues—want of consideration and payment—about which there can be no question but that the burden of proof was upon the defendant, we do not think there was prejudicial error in placing the burden of proof in the case upon the defendant. Part of the argument of defendant's counsel would indicate that the court by so doing was leaving the impression with the jury that it was incumbent upon the defendant to prove everything involved in the issues, even the indorsements, but the instructions given by the court to the jury upon this question leave no possible doubt as to the burden with reference to indorsements on the note of alleged payments.

"3. . . . And in this connection you are further instructed that before the plaintiff is entitled to recover, she must prove, by a preponderance of the evidence, that the indorsements upon said note were made and that the defendant, John Ferriter, had knowledge of and consented to the indorsements on the note."

Was there error in the refusal of the trial court to reopen the case for the purpose of introducing the check stubs found by the defendant? Counsel for appellent state that they have been unable to find a Kansas decision where the refusal to reopen a case was held to be an abuse of judicial discretion, but cite numerous decisions affirming and approving the rulings of trial courts where in the exercise of such discretion cases were reopened for the reception of additional evidence, asserting that the circumstances in those cases

Hazen v. Ferriter.

required a greater liberality than in this, and argue therefrom that the general approval of the liberal attitude of the trial judges in this respect implies that a departure from such liberal practice will be an abuse of discretion. We think such conclusion does not necessarily follow. It would not be discretion if it were governed by any uniform rule. There must be wide latitude or spread for the individual judgment of the trial court. At the same time, reviewing courts must recognize the abuse of discretion where it exists. In other words, it is not so much a review of discretion as a review of the abuse thereof.

"Many of the cases lay down the rule that the action of the trial court as to matters within its judicial discretion will not be disturbed unless there is a clear abuse thereof, or, as it is frequently stated, the appellate court will not review the discretion of the trial court." (2 R. C. L. 211.)

Kansas courts have from the earliest decisions declined to reverse on such grounds unless there was a *manifest* abuse of discretion, or a *clear* abuse. (*Taylor v. Clendening,* 4 Kan. 524; *Byington v. Comm'rs of Saline Co.,* 37 Kan. 654, 16 Pac. 105.) This policy is followed on the theory that the "trial court is in much better position to determine the questions of good faith than are we," as was said in the case of *Swift v. Platte,* 68 Kan. 1, 14, 74 Pac. 271, 74 Pac. 635, and of course is in much better position to determine the reasonableness of such request and the fairness to the parties in granting or refusing it. Taking into consideration all the facts and circumstances in this case we do not think there was an abuse of discretion in the refusal to open the case for further testimony.

At the request of the defendant two questions were submitted to the jury with reference to payments indorsed on the back of the note, and they answered such questions, finding two of the seven payments were made, the first one January, 1918, and the last one, December, 1924.

Error is assigned because of the refusal of the court to submit other questions requested by the defendant and also to give certain instructions. After careful examination of the questions asked and refused and the instructions refused and given, we find no substantial error therein.

The judgment is affirmed.