(Decided 13th November, 1890.)

---

## Thomas P. Bolgiano *vs.* The Gilbert Lock Company, and George M. Lance.

*Non-resident Attending as Witness—Exemption from Service of Summons.*

A resident of another State, who comes into this State as a witness to give evidence in a cause here, is exempted from service of process for the commencement of a civil action against him in this State, and the privilege protects him in staying and returning, provided he acts *bona fide*, and without unreasonable delay.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, IRVING, BRYAN, FOWLER, and McSHERRY, J.

*Alfred J. Carr*, for the appellant.

*M. R. Walter*, for the appellees.

Bolgiano *vs.* Gilbert Lock Co. and Lance.

MILLER, J., delivered the opinion of the Court.

Thomas P. Bolgiano filed a bill in the Circuit Court of Baltimore City against "The Gilbert Lock Company," and G. M. Lance, its secretary, for the specific execution of a contract, alleged to have been made by the complainant with said Lance acting as the agent for said company. The subpœna against the defendants was duly issued and the sheriff returned the same, "summoned the Gilbert Lock Company by service on G. M. Lance, Secretary, also summoned G. M. Lance." When this return was made the company and Lance filed a petition to the Court alleging *first*, that "The Gilbert Lock Company" is a body corporate, duly incorporated under the laws of New Jersey and doing business in that State, and is a foreign corporation not having an office or agent in the State of Maryland; *second*, that Lance is a resident of the State of New Jersey, and not a resident of the State of Maryland ; *third*, that Lance was present in the City of Baltimore on the 28th of March, 1890, (the day the subpœna was issued,) attending *as a witness* the trial of a certain cause in the Superior Court of said city, in which the Gilbert Lock Comany was plaintiff and a certain Gilbert C. Bolgiano was defendant, and that while he was in attendance *as such witness* and was within the State of Maryland for that *and no other purpose*, the summons was served upon him as an individual, and as an officer of said company. The petitioners therefore aver that this service was illegally made upon Lance in violation of his rights and privileges as a witness, and is null and void, and they pray for an order quashing the writ and the return thereon. There was a demurrer to this petition which the Court overruled; and from the order overruling this demurrer this appeal is taken.

A witness is protected from *arrest* on any civil process while going to the place of trial, while attending there

for the purpose of the cause, and while returning home: *Eundo, morando, et redeundo;* and it matters not whether he attends voluntarily or by compulsion. 2 *Taylor's Ev.,* sec. 1139; 1 *Greenlf. Ev.,* sec. 316; 1 *Wharton's Ev., sec.* 389. The rule stated in these terms is of almost universal application, whether the privilege be regarded as a personal one to the witness, or the privilege of the Court. But does it protect a witness or a party from service of a *summons* in order to secure his appearance to an ordinary civil suit? On this question there has been some conflict of decision. The tendency however of the Courts in this country is to enlarge the privilege, and afford full protection to suitors and witnesses, from all forms of process of a civil nature during their attendance before any judicial tribunal, and for a reasonable time in going and returning, and we think the decided weight of authority has extended the privilege so far, at least, as to exempt a resident of *another State,* who comes into this State as a witness to give evidence in a cause here, from service of process for the commencement of a civil action against him in this State, and that the privilege protects him in staying and returning, provided he acts *bona fide* and without unreasonable delay. The cases bearing upon the subject have, with commendable zeal and industry, been collected by counsel on both sides and appear in their respective briefs. We refer to *Person vs. Grier,* 66 *N. Y.,* 124 ; *Matthews vs. Tufts,* 87 *N. Y.,* 568 ; *Durgan vs. Miller,* 8 *Vroom,* 182 ; *Massey vs. Colville,* 45 *N. J. L. Rep.,* 119; *Miles vs. McCullough,* 1 *Binney,* 77; *Huddeson vs. Prizer,* 9 *Phila.,* 65; *Wilson vs. Donaldson,* 117 *Ind.,* 356; *Mitchell vs. Huron, Circuit Judge,* 53 *Mich.,* 541; *Sherman vs. Gundlach,* 37 *Minn.,* 118; *First National Bank of St. Paul vs. Ames,* 39 *Minn.,* 179; *Palmer vs. Rowan,* 21 *Neb.,* 452; *Rorer on Interstate Law,* 26. To the same effect are the decisions in the Federal Courts. *Atchison vs. Morris,* 11 *Fed. Rep.,* 582; *Small vs. Mont-*

*gomery*, 23 *Fed. Rep.*, 707; *Kauffman vs. Kennedy*, 25 *Fed. Rep.*, 785. Many other cases both in State and Federal Courts to the same effect could be cited but we deem it unnecessary. The reason for the exemption is placed by the New York Court of Appeals and by Judge COOLEY in the Michigan case, on the ground of public policy, and the due administration of justice, and there we are content to rest it.

> *Order affirmed, and*
> *cause remanded.*

(Decided 14th November, 1890.)