## SUPERIOR COURT OF BALTIMORE CITY

Filed January 22, 1894.

FOSS ET. AL.
VS.
CARRELL.

*Thomas R. Clendinen* for plaintiff.
*Robert H. Smith* for defendant.

RITCHIE, J.—

Summons in this case was served on defendant, a citizen of Pennsylvania, on April 21st, 1893, while he was in Baltimore City attending upon the trial of a case in the Circuit Court of the United States, in which he was a party plaintiff and also a witness on his own behalf, he being within this jurisdiction at that time, only for the purpose of attending upon said trial.

The declaration was filed on October 9th, and on October 10th, the defendant, setting forth therein the above facts, filed his motion to quash the writ and return thereon.

In the recent case of Bolgiano vs. Lance, 73 Md. 132, it was held that a non-resident who was within this State solely for the purpose of attending as a witness upon the trial of a case, was exempt from the service of process in a civil action against him.

The plaintiff in this case rests the question of sufficiency of the service upon the supposed distinction between a witness and a suitor.

After referring to the old rule of exemption from arrest on civil process, the Court of Appeals, in the case referred to, says: "But does it protect a witness or a party from service of a summons in order to secure his appearance to an ordinary civil suit? On this question there has been some conflict of decision. The tendency, however, of the Courts in this country is *to enlarge the privilege* and afford full protection *to suitors* and witnesses from all forms of process of a civil nature during their attendance before any judicial tribunal, and for a reasonable time in going and returning, and we think the decided weight of authority has extended the privilege so far, at least, as to exempt" a witness from another State. The Court rests the exemption upon the ground of public policy and the due administration of justice.

Many of the authorities cited by the Court were cases in which the question arose as to suitors. See Person vs. Grier, 66 N. Y. 124; Mitchell vs. Huron, 53 Mich. 541; Bank vs. Ames, 39 Minn. 179; Rorer on Interstate Law; also Parker vs. Marco, 136 N. Y. 585.

The ground upon which the exemption in Lance's case was placed, it seems to me, to be equally applicable to suitors and in view of the acceptance by the Court of Appeals of the reasons upon which the enlarged privilege of witnesses rests, and of the weight of authority in the cases of suitors, I think that the defendant is entitled to exemption, even though we leave out of consideration the fact that he was a witness in the case and regard him only as a suitor.

Although this privilege rests on public policy, it is still one that may be waived or lost by laches. The service is not void, and I agree with the point made by plaintiff that the privilege must be properly availed of. Such is the law as decided in Peters vs. League, 13 Md. 63, where it is also held that the privilege should be claimed by plea or motion "at the proper time." See also Thornton vs. American M. Co., 83 Ga. 288, and Pollard vs. Union Pacific R. K., 7 Abb. Pr. N. S. 70.

This suit however was brought on titling and the declaration was not filed until October 9th; the motion was made on the following day, and even if privilege be treated with the same strictness required in pleas of abatement, it was thus filed in time.

The motion is granted and the writ and return are hereby quashed.