## ALBERT J. LONG, EXECUTOR, *vs.* SALLIE L. HAWKEN.

*Non-Resident Witness or Party to Suit Exempt from Service of Process—Appeal.*

When a non-resident, who is a party defendant in a suit, comes into this State for the purpose of testifying at the trial, or of defending the suit, he is exempt from the services of process in another civil action against him, while in attendance upon the trial, and for a reasonable time in coming and returning.

Upon appeal from an order quashing a writ of summons, it is not necessary that there should be a bill of exceptions, when the record contains the motion to quash, the answer, and the affidavits filed, and shows what questions were decided by the trial Court.

*Decided January 10th, 1911.*

Appeal from the Circuit Court for Washington County (KEEDY, J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and PATTISON, JJ.

*Albert J. Long* (with whom were *Scott M. Wolfinger* and *Leon R. Yourtee* on the brief), for the appellant.

*Alexander Armstrong, Jr.,* and *John Ridout,* for the appellee, submitted the cause on their brief.

BRISCOE, J., delivered the opinion of the Court.

The question presented on this appeal is a narrow one, and concisely stated, is this: Is a non-resident party defendant

who comes into this State for the purpose of defending a suit
pending against him, exempt from service of civil process
for the commencement of a civil action against him in this
State. In other words, whether a civil summons can be
served upon a defendant, a non-resident of the State, for
another (new) action, while he is attending on Court in this
State as a party defendant, in an action pending against him.

It seems to be clear, that whatever may be the rule in
other jurisdictions, it is settled in this State, that a non-
resident witness is exempt from service of civil process as
well as arrest, while attending on the Courts of the State.

In the early case (1799) of *Brookes* v. *Chesley,* 4 H. &
McH. 295, it was held in keeping with the common law rule,
"that jurymen and witnesses, during their attendance on
Court, are privileged from arrest." 3 *Blackstone Commenta-
ries,* 289; 1 *Greenleaf Evidence,* sec. 316-320.

In *Bolgiano* v. *Gilbert Lock Co.,* 73 Md. 132, it is said:
A witness is protected from arrest on any civil process while
going to the place of trial, while attending there for the
purpose of the cause and while returning home; *eundo,
morando, et redeundo;* and it matters not whether he attends
voluntarily or by compulsion. And this is the rule, whether
the privilege be regarded as a personal one to the witness or
the privilege of the Court. 2 *Taylor's Evidence,* sec. 1139;
*Greenleaf Evidence,* sec. 316; 1 *Wharton's Evidence,* sec.
389.

And in *Bolgiano's Case, supra,* it was further said that a
resident of another State, who comes into this State as a wit-
ness to give evidence in a case pending here, is exempt from
service of process for another suit. JUDGE MILLER, who
prepared the opinion in that case, said: The decided weight
of authority has extended the privilege so far, at least, as to
exempt a resident of another State, who comes into this
State, as a witness to give evidence in a cause here, from
service of process for the commencement of a civil action

against him in this State, and' that the privilege protects him in staying and returning, provided he acts *bona fide* and without unreasonable delay. A large number of cases were cited in support of the doctrine here announced but we find it unnecessary to cite them.

But it is insisted that a different rule applies to a non-resident party defendant, and inasmuch as the appellee, in this case, a non-resident of the State was present as a party defendant, she was not exempt from service of the summons, which had been issued by a Court in this State, and which was served on her, while in the State.

There is considerable conflict of authority in the cases upon the general question here involved and the Courts are far from being in accord or harmony in the decisions. In 32 *Cyc.,* Vol. 32, page 492, the doctrine is thus stated: Suitors and witnesses coming from foreign jurisdictions for the sole purpose of attending Court whether under summons or subpœna or not, are usually held immune from service of civil process while engaged in such attendance and for a reasonable time in coming and going. The rule is by most Courts held to apply equally well to suitors and witnesses attending Court in the States.

In the case of *Bolgiano* v. *Gilbert Lock Co.,* *supra,* this Court, in referring to this privilege or immunity, said: But does it protect a witness or a party from service of a summons in order to secure his appearance to an ordinary civil suit? On this question there has been some conflict of decision. The tendency, however, of the Courts in this country is to enlarge the privilege and to afford full protection to suitors and witnesses, from all forms of process of a civil nature during their attendance before any judicial tribunal and for a reasonable time in going and returning. · The reason for the exemption is placed by the New· York· Court of Appeals and by JUDGE COOLEY in the *Michigan Case,* on the ground of public policy and the due administration of jus-

tice.   The general rule as announced by this Court in *Bol-giano case,* that a non-resident party defendant was also exempt from the service of process has been approved by a long line of well considered cases in other jurisdictions and is supported by the great weight of authority in the State and Federal Courts.

In *Matthews* v. *Tufts,* 87 N. Y. 568, the Court said: In *Van Lieuw* v. *Johnson,* decided March, 1871, and referred to in *Person* v. *Grier* (66 N. Y. 124), a majority of the Court were of opinion that a summons could not be served upon the defendant, a non-resident of the State while attending a Court in this State as a party.   This immunity does not depend upon statutory provisions, but is deemed necessary for the due administration of justice.   It is not confined to witnesses, but extends to parties as well, and is abundantly sustained by authority.

In *Mitchell* v. *Huron,* 53 Mich. 541, JUDGE COOLEY, put the exemption of a non-resident party defendant, upon the ground, of public policy, the due administration of justice, and protection to parties and witnesses alike demand it.

In *Person* v. *Grier,* 66 N. Y. 124, it was said, in approving the doctrine that a party was exempt, that "this immunity is one of the necessities of · the administration of justice."   The following cases hold, that a non-resident party defendant is exempt from the service of process: *Durgan* v. *Miller,* 8 Vroom, 182; *Massey* v. *Colville,* 45 N. Y. Law, 119; *Miles* v. *McCullough,* 1 Binney, 77; *Wilson* v. *Donaldson,* 117 Ind. 356; *Mitchell* v. *Huron,* 53 Mich. 541; *First Nat'l. Bk. of St. Paul* v. *Ames,* 39 Minn. 179; *Palmer* v. *Rowan,* 21 Neb. 452; *Huddeson* v. *Prizer,* 9 Phila. 188; *Bolz* v. *Crone,* 64 Kansas, 571; *Halsey* v. *Stewart,* 1st Southard (4 N. J. L.), 420; *Andrews* v. *Lembeck,* 46 Ohio State Rep. 40; *Hayes* v. *Shields,* 2 Yeates, 222; *In re Healey,* 53 Vt. 694; *Gregg* v. *Sumner,* 21 Appellate Ct. of Ills. 110; *Martin* v. *Bason,* 76 Arkasas, 160; *Rorer Inter-State Law,*

page 26; *Cooper* v. *Wyman,* 122 N. C. 785; *Murray* v. *Wilcox,* 122 Iowa, 189; *Cameron* v. *Roberts,* 87 Wis. 291.

The decisions of the Federal Courts are to the same effect. *Skinner & Mounce Co.* v. *Waite,* 155 Fed. Rep. 828; *Nichols* v. *Horton,* 14 Fed. Rep. 330; *Juneau Bank* v. *McSpedan,* 14 Fed., Case No. 7582; *Parker* v. *Hotchkiss,* 1 Wall. Jr. 269; *Lyell* v. *Goodwin,* 4 McLean, 29; *Small* v. *Montgomery,* 23 Fed. Rep. 707; *Atchison* v. *Morris,* 11 Fed. Rep. 582.

In *Wilson Machine Co.* v. *Wilson,* 22 Fed. Rep. 80, it is said: "It is important to the administration of justice that each party to the suit should have a free and untrammeled opportunity to present his case, and that non-resident defendants should not be deterred by the fear of being harassed or burdened with new suits in a foreign State from presenting themselves in such State to testify in their own behalf or to defend their property." * * * "There is, perhaps, a reason why a plaintiff, who has voluntarily sought the aid and protection of our Courts, should not shrink from being subjected to their control, which does not apply to the condition of a defendant whose attendance is compulsory."

The motion to quash the summons and the return of the sheriff in this case is based upon the allegation, that the defendant is now, and had been a resident of the District of Columbia and was not a resident of the State of Maryland when and where the summons had been issued and where the process had been served. It is further alleged, that the appellee was present in the Circuit Court for Howard County, on the 24th day of September, 1909, for the sole purpose of attending on that Court as a party defendant and testifying as a witness, at the trial of a case, wherein the appellant was plaintiff, and the appellee was defendant.

By the fourth paragraph of the petition it is averred, that at the time and in the place mentioned while the Circuit Court for Howard County was actually engaged in the trial

of the case, and while she (the appellee), was in the actual presence of the Court as such party defendant and witness, and while she was sitting within a few feet of her attorneys who were engaged in the conduct on her behalf of the trial of the case, and waiting to be called and sworn to testify as a witness in the case, and within fifteen minutes of the time when she actually did take the stand and testified as a witness in the case and while within the State of Maryland, and in·attendance upon the Court for this and for no other purpose, the summons in this case was illegally served upon her, in violation of her rights and privileges as a party defendant and a witness in the case.

The plaintiff (the appellant) in his answer to the defendant's motion, admits the allegations set out therein, but denies that the defendant was present and attending the trial, as a witness, or for the purpose of testifying as a witness in the case. There were other averments, in the answer, but as we do not think they reflect upon the decision of the case, they need not be set out here.

There is nothing, we think, in the facts of this case, that could take it out of the general rule, as established by the decisions cited by us, or would deny to the appellee the immunity and exemption from service of process which she claims and sets up, both as a witness, and as a party defendant, while in attendance upon the Circuit Court for Howard County.

The case of *Mullen* v. *Sanborn,* 79 Md. 364, relied upon by the appellants is entirely dissimilar to this case. In that case, the Court denied the non-resident plaintiff the immunity and privilege claimed by him upon the peculiar circumstances and facts existing in that case. It was distinctly said, that *Mullen's case, supra,* was unlike *Bolgiano's case, supra,* and the cases therein cited.

As to the motion to dismiss the appeal we need only say, that the appeal is from the order and determination of the Court, in granting the defendant's motion to quash the sum-

mons and the return of the sheriff thereon, and in such cases the appeal brings up the record for review by this Court. *Schaeffer* v. *Gilbert,* 73 Md. 66; *Coulborn* v. *Fleming,* 78 Md. 210.

When the motion rests on questions of fact, the evidence ought to be certified and presented by bills of exceptions properly authenticated and filed in the case. *Dumay* v. *Sanchez,* 71 Md. 512; *Palmer* v. *Hughes,* 84 Md. 659; *New & Sons* v. *Taylor,* 82 Md. 40.

In the present case there was no bill of exceptions but the record itself discloses the questions passed upon and decided by the Court below. The motion to dismiss will be overruled.

In conclusion, we hold, that the appellee, under the facts of this case, was clearly entitled to the immunity and privilege claimed, both as a witness and a defendant suitor, while attending the sessions of the Circuit Court for Howard County, and for the reasons given, the order of the Court below will be affirmed.

*Order affirmed, with costs.*