No. 11,139.

KELLY *v.* PENNINGTON ET AL.

Decided January 4, 1926.

Action on promissory note.   Judgment for defendant.

*Affirmed.*

1.  SUMMONS—*Service—Non-Resident.*   Defendant suitors and witnesses coming from foreign jurisdictions for the sole purpose of attending court in another state, whether under summons or subpoena or not, are immune from service of civil process issued by domestic courts, while engaged in such attendance, and for a reasonable time in coming and going.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Butler, Judge.*

Mr. W. E. CLARK, for plaintiff in error.

Mr. A. X. ERICKSON, for defendants in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THE plaintiff Kelly brought an action in the Denver District Court against Harley L. Pennington and George N. Gibbs on their joint promissory note given to Kelly as payee.   Both Pennington and Gibbs were and are residents

of the state of Nebraska. Service of summons was had on the defendant Pennington in this state and the case was brought to issue. The defendant Pennington and his counsel induced Gibbs to come to Colorado from the state of Nebraska for the purpose of testifying at the trial in Denver. After Gibbs arrived in Denver Pennington caused service of a subpoena to be made upon Gibbs as a witness in the case, and on the same day, and before the trial of the case ended, the plaintiff caused an alias summons to be issued out of the district court in this same action which was served upon Gibbs. Gibbs, appearing specially, filed a verified motion to quash the service of summons upon the ground that civil process could not be served upon him as a non-resident witness while going from Nebraska to Denver or while in attendance in Denver at the trial of the suit or while returning from Denver to his home in Nebraska. The affidavit of Gibbs in support of the motion to quash is as above stated, and that he came from his home in Nebraska to Denver for the sole purpose of becoming a witness in the case and for no other purpose. The plaintiff resisted the motion and filed an affidavit of his attorney that defendant Gibbs was one of the makers of the promissory note on which the action was brought and that Gibbs voluntarily came to Denver and, obeying the subpoena served upon him after his arrival, was sworn and testified at the trial in behalf of defendant Pennington, and necessarily in his own behalf and in his own interest, that the result of the action was a judgment against Pennington for the amount sued for and that the same has not been paid; that the note was executed in the City of Denver and delivered by the defendants to the plaintiff therein and was made payable in that city. The court sustained the motion to quash and set aside the service of the summons. Assuming this to be a final judgment to which a writ of error lies we think the judgment was right and in accordance with the great weight of authority in this country.

In 32 Cyc. 492, the author says that suitors and witnesses coming from foreign jurisdictions for the sole purpose of

attending court in another state, whether under summons or subpoena or not, are usually held immune from service of civil process issued by domestic courts while engaged in such attendance and for a reasonable time in coming and going. The authorities are not unanimous, however, some holding that the immunity extends only to parties defendant and to witnesses and not to parties plaintiff. As the case before us is where one who is named in the complaint as a party defendant, though not served, claims the immunity, we limit our decision to the case in hand and do not express any opinion as to whether or not the immunity extends to a non-resident party plaintiff who comes into the court of another state to invoke its jurisdiction in his own behalf. At the common law the exemption applied only to arrests, but generally in this country the courts, especially the federal courts, have extended the rule and have exempted both suitors and witnesses from the service of process in civil cases where the sole purpose was in the one case to represent their own interests as parties, in the other case to testify as witnesses. In some of the state courts the rule is otherwise. Probably the leading case against the exemption, and the opinion is well reasoned, is *Guynn v. McDaneld*, 4 Idaho, 605, 43 Pac. 74, 95 Am. St. Rep. 158. Gibbs claimed exemption solely as a witness and the trial court found that he came to Colorado for the sole purpose (and for no other purpose) of testifying as a witness at the trial. Counsel for plaintiff, while conceding that the larger number of cases in this country are against him, contends that the rule is a harsh one and should be confined strictly to exemption from civil process in some new action or action other than the one to testify in which the witness came to the state; and should not apply to service of process in the latter case itself, the point made being that service of process in this case was not process in another or new action but in the very action in attendance upon which as a witness the defendant was at the time of the service. Though in some of the cases the opinions do state that while a non-resident suitor or defendant is in attendance in the courts

of another state as a suitor or witness he is immune from the service of process in another or a new action yet the same cases, in stating the general rule, do not limit its application to another or new action but say that the exemption is from service of civil process in any action. We do not deem it necessary to enter upon an extended discussion or to comment upon the cases. Many of them are cited as foot notes in 32 Cyc. 492, and valuable notes will be found in 42 L. R. A. (N. S.), p. 1101, to *Long v. Hawken,* 114 Md. 234, 79 Atl. 190.

Judgment affirmed.