# Wytheville.

## James K. Wheeler v. Charles M. Flintoff and Yoel M. Yonan.

June 18, 1931.

Present, Prentis, C. J., and Campbell, Holt, Hudgins and Gregory, JJ.

The opinion states the case.

*Richard H. Mann,* for the plaintiff in error.

*Charles B. Godwin, James H. Corbitt, M. A. Cogbill,* and *Sinnott, May & Leaman,* for the defendants in error.

HUDGINS, J., delivered the opinion of the court.

The plaintiff in error, James K. Wheeler, a citizen and resident of the State of New York, accompanied by his wife, on April 9, 1928, was traveling by automobile through Virginia from Florida to his home in New York. While passing over the highway between Petersburg and Richmond his automobile was struck by a car driven by Yoel M. Yonan. As a result of the impact, Wheeler's car ran off the concrete, striking and injuring two surveyors employed by the State Highway Department, who were at work some five or six feet from the edge of the highway. The injured parties were carried to the hospital. Wheeler went to a hotel in Petersburg, and had his car taken to a garage in that city for repairs. While at the hotel he was requested to come to the police station, and there he related to the chief of police his version of how the accident occurred, and was advised to retain an attorney. It was also suggested that he remain in Petersburg until the matter could be settled.

The accident occurred in the county of Chesterfield, hence a criminal charge would have had to be preferred in that county. Late that afternoon or early next morning the trial justice of Chesterfield county, at the request of a deputy of the Motor Vehicle Commissioner, called on Wheeler at his hotel, and, after some discussion, took his recognizance in the sum of $500.00, without security, for his appearance before him in Chesterfield county on the —— day of April, following. The justice informed him at the time that the recognizance was void because it was taken outside of his bailiwick, and that he had no jurisdiction in the city of Petersburg, where the parties then were. It, therefore, amounted only to a promise on the part of Wheeler to return when wanted.

Wheeler claims that the recognizance was for his appearance as a witness. The plaintiff below claimed that Wheeler promised to return for the purpose of answering any charge that

might be brought against him. He gave the deputy motor vehicle commissioner and the trial justice his New York address, and stated that he had employed Mr. Richard H. Mann, of Petersburg, as his attorney; that if they desired to get in touch with him they could do so, either directly or through his attorney, and that he would appear at such time and place as might be designated. Shortly thereafter he proceeded on his journey home.

Wheeler understood, either from this interview or was notified subsequently, that he was needed as a witness by the authorities in Chesterfield county on the twentieth day of April. He claims that he returned to Virginia, pursuant to this request, for the sole purpose of testifying concerning the wreck. He reached Petersburg after midnight, and next morning, accompanied by his attorney, drove from Petersburg to the office of the trial justice in Chesterfield county, and while waiting in that office to be called as a witness, as he thought, was served with process in this action, instituted by Charles M. Flintoff, one of the injured parties, against him and Yoel M. Yonan.

Wheeler, on the return day of the process, filed a written motion to quash and set aside the service, on the ground that he was a non-resident and had returned to the State for the sole purpose of testifying as a witness.

Issue was joined on the motion, a jury was impaneled, and two questions submitted to them. The questions and the jury's answers thereto were as follows: (1) "Did the defendant, J. K. Wheeler, return to Virginia solely as a witness? Answer: No. (2) Did the defendant, J. K. Wheeler, return to Virginia to answer any charge that might be preferred against him before Trial Justice John W. Snead? Answer: Yes."

Wheeler moved to set aside the finding of the jury and to quash the service, notwithstanding their finding. The court, on motion of Flintoff, set aside the finding of the jury on the second question and ordered a new trial thereon.

Wheeler refused to introduce any evidence on the second trial of this issue. The court thereupon held that the service of process on him was valid. Thereafter, the case was tried on its merits against James K. Wheeler and Yoel M. Yonan and resulted in a verdict and judgment of $12,500.00 against both of them. Wheeler was granted a writ of error and in his behalf the case was duly argued before this court, but there was no appearance for either Charles M. Flintoff, the plaintiff below, or Yoel M. Yonan, the co-defendant.

The only question we deem it necessary to decide is whether or not, on the facts disclosed, Wheeler was exempt from service of process in this action.

The precise question, it seems, has never been decided in this State. The nearest decision on the question was in the case of *Commonwealth* v. *Ronald* (1786), 4 Call (8 Va.) 97. In that case the chief justice of the general court was served with a process from the County Court of Henrico as he was leaving the bench. The matter was deemed of such importance that Chancellor Wythe brought it to the attention of his associates, and a rule was issued against the attorney who ordered the process, the clerk who issued it, and the officer who served it. It was held that exemption from service of process on a party attending court was a privilege which was adopted as a part of the common law of England, and the privilege extends not only to judges, but to attorneys, witnesses, and the parties themselves.

*Richards* v. *Goodson*, 2 Va. Cas. 381, was a case in which a party to the cause was arrested on a *capias ad satisfaciendum* while attending court. It was held that he was privileged from arrest on a civil process while in attendance upon, going to, and returning from court.

■ The privilege, or exemption, from service of a civil process on a witness while attending court in a State other than the State of his residence seems to be almost universally recognized. 21 R. C. L. 1305, *Rix* v. *Sprague Canning Machinery*

*Co.,* 157 Wis. 572, 147 N. W. 1001, 52 L. R. A. (N. S.) 583; R. C. L. Per. Supp. 5185; *Church* v. *Church,* 50 App. D. C. 239, 270 F, 361, and note, 14 A. L. R. 769. The reason for the privilege is for the better protection of the courts in the administration of justice, and to prevent the intimidation of suitors, solicitors and witnesses, and the disturbance of officers of the court in the performance of their duties. It is primarily for the protection of courts, the privilege to the individual is merely incidental.

The privilege protects the witnesses in going, in staying, and in returning from court, provided they act in good faith and without unreasonable delay. The object of affording such immunity is to encourage witnesses from other States to come forward voluntarily and testify. This policy commends itself to the courts as a wise and proper one, for, where evidence is in conflict, the presence of witnesses giving their oral testimony before the court is a great aid to it in arriving at the truth of the matter.

It has been said that: "This immunity works no injustice to anyone, for unless the witness comes within the State, there would be no opportunity to serve process upon him. Therefore, the plaintiff who attempts to get service upon the witness while here as such, neither loses any rights, nor suffers any injury by reason of this rule. He is simply prevented from taking advantage of the necessary presence of the witness in furtherance of his own private purposes." *Malloy* v. *Brewer,* 7 S. D. 589, 64 N. W. 1120, 1122, 58 Am. St. Rep. 856.

As to suitors, the courts are not in harmony. Some hold that the exemption extends to parties to the cause. *Page Co.* v. *Macdonald,* 261 U. S. 446, 43 S. Ct. 416, 67 L. Ed. 737; *Winder* v. *Penniman,* 181 N. C. 7, 105 S. E. 884, 13 A. L. R. 364; note 17, 21 R. C. L. 1306; *Roberts* v. *Thompson,* 149 App. Div. 437, 134 N. Y. S. 363. Others hold that it extends to the defendant, but not always to the plaintiff, in the action.

*Bishop* v. *Vose,* 27 Conn. 1; note to *Long* v. *Hawken,* 114 Md. 234, 79 Atl. 190, 42 L. R. A. (N. S.) 1101.

See *Rizo* v. *Burruel,* 23 Ariz. 137, 202 Pac. 234, 19 A. L. R. 823; *Livengood* v. *Ball,* 63 Okl. 93, 162 Pac. 768, L. R. A. 1917-C, 905.

In *Mullen* v. *Sanborn,* 79 Md. 364, 29 Atl. 522, 25 L. R. A. 721, 47 Am. St. Rep. 421, the Maryland court held that under the peculiar circumstances of that case the plaintiff was not exempt from the service of process. Another Maryland case is that of *Long* v. *Hawken,* 114 Md. 234, 79 Atl. 190, 42 L. R. A. (N. S.) 1101, in which case the court referred to the case of *Mullen* v. *Sanborn,* but adopted the majority rule that both plaintiff and defendant, as well as witnesses, who come into the State for the sole purpose of attending court in a particular matter, are exempt from service of process, not only while attending court but for a reasonable time while going to and returning therefrom. For a review of a great many English and American cases, see note appended to case of *Mullen* v. *Sanborn,* 25 L. R. A. 721.

The testimony of Wheeler is emphatic and positive to the effect that he returned to the jurisdiction of the Chesterfield court for the sole purpose of testifying as a witness; that he used reasonable expedition in entering and leaving the State. If the jury had found this testimony to be true, the authorities are practically unanimous to the effect that he would have been exempt from the service of civil process. The jury found, however, that he did not return solely as a witness, but to answer any charge that might be preferred against him, and this conclusion of the jury is based on evidence, the substance of which was that Wheeler stated to different parties that he would return at any time on the request of the officers, and that the deputy motor vehicle commissioner stated that he wanted Mr. Wheeler either for causing the accident or as a witness.

The duties of the trial justice and the deputy motor vehicle

commissioner required them to investigate the violation of the criminal laws of the State. If we accept the jury's finding to be correct, *i. e.,* that Wheeler returned to the State for the purpose of answering any charge that might be preferred against him, the "charge" could only refer to a violation of the criminal law.

The authorities are in conflict as to whether or not a party who returns within the jurisdiction of a court of a State other than the State of his residence to answer a criminal charge is exempt from the service of civil process.

In *Netograph Mfg. Co.* v. *Scrugham,* 197 N. Y. 377, 90 N. E. 962, 27 L. R. A. (N. S.), 333, 134 Am. St. Rep. 886, it was held that a nonresident who came into the State pursuant to a bail bond and stood his trial upon the indictment found against him was not exempt from service. The court said that the privilege should not be extended beyond the reason upon which it was based; since the reason was to encourage voluntary attendance upon court and to expedite the administration of justice, the reason failed when a suitor or witness is brought into the jurisdiction by a compulsion of law. This rule is approved in many cases. See *In re Hendersen,* 27 N. D. 155, 145 N. W. 574, 51 L. R. A. (N. S.) 328 and note.

In a note to the above case in 27 L. R. A. (N. S.) 333, a number of authorities are cited which hold that even if a nonresident, charged with a crime, is brought within the jurisdiction, by extradition or otherwise, solely for the purpose of answering a criminal charge, and does not unreasonably delay his departure from the jurisdiction after the trial, he is exempt from the service of civil process.

In the case of *Whited* v. *Phillips,* 98 W. Va. 204, 126 S. E. 916, 40 A. L. R. 83, the facts were that a resident of Washington city was indicted in West Virginia for a felony, the nature of which was such that he could not be extradited therefor. He gave bail bond in Washington for his appearance in the West Virginia court to answer the charge. Pursuant to

his bail bond, he appeared, and while attending court was served with a civil process, the legality of which was challenged.

The court, after reviewing many of the authorities for and against the rule, held that the service of process upon a nonresident who had 'voluntarily submitted himself to the jurisdiction of the court for the sole purpose of answering a criminal charge was not proper, citing and relying upon the early Virginia case of *Commonwealth* v. *Ronald, supra.*

There is a diversity of opinion among the different courts as to whether or not a nonresident who causes an accident in a foreign State and is held, either as a witness or on a criminal charge growing out of the accident, and while so detained is served with a civil process for damages occasioned by the same accident, is exempt from process. In *Ryan* v. *Ebecke, et al.,* 102 Conn. 12, 128 Atl. 14, 16, 40 A. L. R. 88, it was held that a nonresident charged with a crime, who returned to the State to answer the criminal charge, was not immune from service of civil process for damages occasioned by the same accident for which he was prosecuted criminally.

In *Husby* v. *Emmons,* 148 Wash. 333, 268 Pac. 886, 59 A. L. R. 46, a nonresident automobilist was involved in a fatal accident in the State of Washington. He was detained, later given his liberty upon a recognizance, and subsequently served with a summons to appear as a witness at the coroner's inquest. While attending the inquest he was served with a civil process to recover damages growing out of the accident. The court held that his attendance upon the coroner's inquest was not voluntary and that he was not exempt from the service of process.

The opposite conclusion was reached in the case of *Lingemann* v. *Dehnke,* 247 Mich. 597, 226 N. W. 259, 65 A. L. R. 1367, but the court stated that its decision was based in part on the Michigan statute, which provided that any party, or witness, in attendance upon a suit or proceedings in a county

in which he does not reside, is exempt from the service of civil process issued in any suit instituted in that county.

In the case of *Merritt* v. *Genth* (1927), 130 Misc. Rep. 401, 223 N. Y. S. 593, 594, the facts were that the wife of the defendant was involved in an automobile accident in New York and was a resident of New Jersey. He received a letter from the New Jersey commissioner of vehicles directing him to appear in New York. In compliance with the request, the nonresident and his wife appeared in the court of New York. His wife was fined. On their departure from the courtroom they were both served with process in a civil action growing out of the automobile accident. The court held that:

"When the defendants came within the State of New York, they came voluntarily. They had not been arrested in New York, nor were they on bail. They had not even been served with a summons. They could have remained out of the State forever, if they chose. When they received the letter from the commissioner of motor vehicles they voluntarily elected to appear in the New York court, either in the capacity of a defendant, a witness, or both. In doing this they were immune from service of process."

The above authorities illustrate the views held by the different courts on the rule. In the instant case it is not necessary to decide whether or not a nonresident is exempt from service of a civil process on his return to this State to answer a criminal charge pursuant to a bail bond, because it is admitted that the recognizance in the present case was void.

██ ██ There is a further reason why service of process in this case should be quashed, *i. e.,* Wheeler returned at the request of the authorities because he thought he was needed as a witness. When he arrived at the trial justice's office his counsel notified the justice that he was present. It then appeared that no criminal warrant had been issued against anyone, or if issued it had not been served. It does appear that shortly after the fact of Wheeler's presence became known a

criminal warrant was served upon Yonan, who was present with his counsel, and the trial postponed. It does not appear that the criminal warrant against Yonan was ever tried or that Wheeler was ever called as a witness in that proceeding. No explanation is offered to show why the authorities did not proceed with the investigation, or why they had requested Wheeler to make the long journey from his home in New York to Virginia when they did not contemplate either lodging a criminal complaint against him or using him as a witness. It appears that after he was served with process in this action they had no further need of him. The irresistible conclusion is that the sole purpose for bringing him into this State was that the process in this action might be served on him. No civil jurisdiction can be acquired where the criminal process is used as a mere pretense to bring the defendant within the State. See note appended to *Church* v. *Church*, 14 A. L. R. 769.

It follows that the service of process in this action against James K. Wheeler should be quashed, the verdict of the jury and the judgment thereon set aside, and this court proceeding to enter such order as the trial court should have done, the case against James K. Wheeler is dismissed.

*Reversed and dismissed.*