**LOVEJOY v. FOSTER.**

Civ. 2883.

*District Court, N. D. Texas,* Dallas Division.

April 5, 1948.

W. M. Lovejoy, pro se.

Strasburger, Price, Holland, Kelton & Miller, of Dallas Tex., for defendant.

ATWELL, District Judge.

The plaintiff seeks $35,000, actual and exemplary damages for an alleged character defamation by reason of a broadcast over the Mutual and W. R. R. systems; such broadcast originating in the state of Massachusetts and being carried and reproduced in the state of Texas.

The suit was filed by the same plaintiff in one of the state district courts against the two radio corporations. When that suit was on trial the attorneys for the defendant radio concerns requested the attendance of Foster as a witness. While he was in attendance, as a witness, at the request of the defendants, the plaintiff filed a suit against him, Foster, in the state court, on substantially the same cause of action. This latter suit, Foster removed to this court and now presents this motion

for its dismissal on the ground that he was a witness at the time that service, in the instant action, was had upon him.

The immunity that a witness enjoys from process servers while attending court for another, is neither new nor novel. It is based upon wholesome public policy. For many decades prior to Stewart v. Ramsay, 242 U.S. 128, 37 S.Ct. 44, 61 L.Ed. 192, the reasonableness of that position, was recognized and has since been recognized by many expressions in both the federal and state courts. Hale v. Wharton, C.C., 73 F. 739; Rix v. Sprague Machinery Co., 157 Wis. 572, 147 N.W. 1001, 52 L.R.A., N.S., 583; Davies v. Lutz, 110 Kan. 657, 205 P. 637; 21 R.C.L. 1305; Sherman v. Gunlach, 37 Minn. 118, 33 N.W. 549; State ex rel. Brainard v. District Court, 34 Wyo. 288, 243 P. 123; Wilson v. Donaldson, 117 Ind. 356, 20 N.E. 250, 3 L.R.A. 266, 10 Am.St.Rep. 48; Lingo v. Reichenbach Land Co., 225 Iowa 112, 279 N.W. 121; Bolgiano v. Gilbert Lock Co., 73 Md. 132, 20 A. 788, 25 Am.St.Rep. 582; Person v. Grier, 66 N.Y. 124, 23 Am.Rep. 35; Wheeler v. Flintoff, 156 Va. 923, 159 S.E. 112; Kelly v. Pennington, 78 Colo. 482, 242 P. 681, 45 A.L.R. 339; Paul v. Stuckey, 126 Ark. 389, 189 S.W. 676, L.R.A. 1917B, 888.

There is no way to get service upon Foster for a simple action in damages, Pennoyer v. Neff, 95 U.S. 714, 24 L.Ed. 565 but this being a removed case the nisi prius court will determine what requirement justice makes in a case that has been removed from the state court. Employers Reinsurance Corporation v. Bryant, 299 U.S. 374, 57 S.Ct. 273, 81 L.Ed. 289.

Since the motion to quash and dismiss was originally presented, on March 12th, the court gave an opportunity to the plaintiff to inquire further into the exact reason, by deposition or otherwise, for Foster's presence at the trial in the state court. Such investigation has, apparently, confirmed the affidavit and position of the defendant as exhibited to the court on March 12th, and there being no apparent likelihood of obtaining jurisdiction over Foster, the proper course appears to be

a dismissal. Cain v. Commercial Pub. Co., 232 U.S. 124, 34 S.Ct. 284, 58 L.Ed. 534; Tortat v. Hardin Mining & Mfg. Co., C.C., 111 F. 426; Cady v. Associated Colonies, C.C., 119 F. 420; Orange Theater Corporation v. Ray Herstz Amusement Corporation, 3, Cir., 139 F.2d 871; American Fire Prevention Bureau v. Automatic Sprinkler Co. of America, D.C., 42 F.2d 220; Massachusetts Farmers Defense Committee v. United States, D.C., 26 F.Supp. 941.

While it has no ruling effect upon this motion, it was stated in open court, at the presentment of the motion originally, that the trial on the merits which was had when Foster was not a party, and at the trial which he attended as a witness, at the request of the defendants, a verdict was rendered for the defendants.

While that for which the defendants were sued in the state court, was presumably what Foster said, there does not appear to be very much doubt as to what "justice may require."

The Motion to Dismiss must be sustained.