## J. & H. STABLES, INC. *v.* ROBINSON

[No. 127, September Term, 1959.]

*Decided January 25, 1960.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Alleck A. Resnick* and *Reuben Shiling,* with whom was *R. Bowie Clagett* on the brief, for appellant.

*Carlyle J. Lancaster* and *Thomas B. Yewell,* with whom were *Welsh, Dyer* and *Lancaster* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a decree rescinding and cancelling a written agreement for the lease of a race horse, on the ground that there had been substantial breaches of the agreement. At an earlier stage of the case the appellant filed a motion to quash the writ of summons, which was denied, and it is conceded that the correctness of this ruling is open on the appeal from the final decree. *Guerreni v. Sainsbury,* 139 Md. 246, 251.[1] This is the first question presented.

Robinson, a resident of Lexington, Kentucky, raised a two-year old colt named "Ragout", and in 1957 leased it to J. & H. Stables, Inc., a New York corporation engaged in the business of training and racing horses, under an agreement to share the earnings. The horse began to race in 1958, and won considerable money at tracks in Maryland, New Jersey,

1. See also Maryland Rule 887. No question is raised on this appeal as to whether the filing of an answer, after the motion to quash was overruled, amounted to a general appearance and waiver of the privilege asserted in the motion. Cf. *Harvey v. Slacum,* 181 Md. 206, cited in *McCormick v. Church,* 219 Md. 422.

and Ohio. However, in August, 1958, Robinson sought to replevy the horse in Ohio, claiming various breaches of the agreement. The suit was dismissed on the ground that it was filed in the wrong court. While the horse was at Bowie in Maryland, in February, 1959, Robinson instituted a re-plevin suit against the trainer, R. W. Duncan. The appellant, through its president, Joseph Reisman, a resident of New York, petitioned the court for leave to intervene, was granted leave, and filed pleas. The case went to trial and resulted in a judgment for the defendant, Duncan, for reasons not disclosed by the record. In the course of that trial, the appellant corporation was served with process, in the present suit, by service upon Reisman who was attending the trial on behalf of the corporation.

The motion to quash the service was based upon Maryland Rule 104 g which provides: "During such time as a non-resident is in this State for the purpose of testifying as a witness or for prosecuting or defending an action, he shall not be subject to service of process." While the rule was new when it took effect January 1, 1959, it merely stated the pre-existing case law. See *Bolgiano v. Gilbert Lock Co.,* 73 Md. 132; *Long v. Hawken,* 114 Md. 234; *Blick v. Cockins,* 131 Md. 625; *Minch & Eisenbrey Co. v. Cram,* 136 Md. 122; *Feuster v. Redshaw,* 157 Md. 302. Cf. *Mullen v. Sanborn,* 79 Md. 364, and see also *Margos v. Moroudas,* 184 Md. 362, and note 10 Md. L. Rev. 80. The cases elsewhere are gen-erally in accord. See *Stewart v. Ramsay,* 242 U. S. 128. It has often been described as a rule of the common law, based on public policy and the due administration of justice. Cf. Code (1957), Art. 26, sec. 3 (ch. 65, sec. 51, Acts of 1805), providing that "No person shall sue or be sued in privilege", and *Brookes v. Chesley,* 4 H. & McH. 295.

Maryland Rule 104 g makes it clear that the immunity ex-tends to parties litigant as well as witnesses, and the cases, that the immunity extends to nonresident corporations as well as individuals. In the *Bolgiano* case, *supra,* service upon one Lance, individually and as the secretary of a foreign corpora-tion, was quashed upon a showing that he was attending trial in a case in which the corporation was plaintiff and Bolgiano

was defendant. It was shown that the secretary was a non-resident, and that the corporation had no office or agent in this state. Whether it was doing business here does not appear.

The appellee does not question that the rule is as above stated, but contends that the corporation in the instant case was doing business in Maryland, in that it had raced the horse previously in Maryland, and that the horse was in Maryland prior to the trial for the purpose of racing here, and that this was the sole business of the corporation. The appellant contends that the trainer was an independent contractor. If we assume, without deciding, that the corporation was doing business in Maryland, and hence amenable to process, [Cf. *State v. Penna. Steel Co.,* 123 Md. 212, 217, *Crook v. Girard Iron Co.,* 87 Md. 138, and *Erlanger Mills v. Cohoes Fibre Mills,* 239 F. 2d 502, 508 (C. A. 4th) (see also Code (1957), Art. 23, sec. 92 (b))], we think the case is not altered. If it were doing business in this state, and it had no resident agent as required by Code (1957) Art. 23, sec. 90 (a), it might nevertheless have been summoned by process·served upon the State Tax Commission. Code (1957), Art. 23, sec. 96 (d). But the privilege or immunity is one which the courts deem vital to the administration of justice, and the tendency is to extend rather than restrict it. See *Feuster v. Redshaw,* and *Bolgiano v. Gilbert Lock Co., supra.* Authority on the precise point is meager, but see *Hammons v. Superior Court,* 219 Pac. 1037 (Cal.) ; Cf. *Breon v. Miller Lumber Co.,* 65 S. E. 214 (S. C.). See also *Gerard v. Superior Court,* 205 P. 2d 109 (Cal.) ; *Stutsman v. Hilltop Farm Feed Co.,* 45 N. W. 2d 892 (Iowa) ; *Fidelity & Casualty Co. v. Everett,* 25 S. E. 734 (Ga.) ; *Sheehan v. Bradford, B. & K. R. Co.,* 3 N. Y. S. 790; *Mulhearn v. Press Pub. Co.,* 21 Atl. 186 (N. J.) ; 42 Am. Jur. *Process,* § 145; notes 113 A.L.R. 9, 154 and 35 A.L.R. 2d 1353, 1360; note 24 L.R.A. (N. S.) 276. The reasoning of the cases seems to be that the public interest is best served by extending immunity to nonresidents, as otherwise they might not appear, at least where it is shown that the appearance is solely for the purpose of the litigation, although even the latter re-

quirement has been relaxed in some of the cases. In the instant case it appears that Reisman's appearance as a nonresident on behalf of a foreign corporation was concerned solely with the litigation in hand, and we think the fact that the corporation might have been subject to service through him, if he were here for another purpose, is immaterial. Whether a similar immunity would attach in the case of a nonresident officer of a domestic corporation, a point on which the cases are not in accord, is not before us.

Since we hold that the summons should have been quashed, the decree must be reversed. We do not reach the other questions argued.

*Decree reversed, with costs.*