## LAW AND CHANCERY COURT OF THE CITY OF NORFOLK

Walker

v.

Witt

January 13, 1970

Case No. (Law) 6490

By JUDGE JOHN P. HARPER

On October 24, 1969, plaintiff filed her motion for judgment seeking damages for personal injuries allegedly sustained in defendant's residence in Sarasota, Florida, on February 7, 1968.

Defendant, then a resident of Switzerland, came to Norfolk for several days to testify by deposition in other litigation, and was served while in the office of her attorney for that purpose on the date the suit was filed, October 24, 1969.

On November 6, 1969, defendant duly notified plaintiff that the defendant's *de bene esse* deposition would be taken on November 10, 1969, at West Palm Beach, Florida, prior to defendant's imminent return to Switzerland.

Plaintiff duly moved to quash the notice of deposition, or, in the alternative, to assess the cost of same against defendant. This motion was denied and each party was directed to bear her respective costs of the deposition.

On the same date, November 6, 1969, defendant moved to quash (the process and service thereof) on the ground that defendant was present in the city of Norfolk at the time of service solely for the purpose of deposing in the other litigation as executrix of the estate of

her deceased husband, and was in fact served at her attorney's office in connection with the deposition.

The "Motion to Quash" also suggests that the cause of action arose in Sarasota, Florida, and that the action ought to be maintained there.

On November 10, 1969, the defendant's deposition was duly taken at West Palm Beach, and defendant was questioned by her own counsel not only as to the circumstances and reason for her visit fo Norfolk in late October, 1969, and the conditions under which the process in this case was served in support of her motion to quash but, further, she was fully examined by her own counsel as to the facts pertaining to the occurrence on February 7, 1968, of which plaintiff complains and seeks damages. That is to say, the testimony taken of the defendant goes to the merits of the cause and was duly recorded pursuant to notice and will be available to her at the trial.

There is no suggestion that this deposition was taken by agreement of counsel, or that either party waived any of her respective rights, but, that, to the contrary, it was taken pursuant to defendant's formal notice and over plaintiff's objection.

Plaintiff relies upon the venue statute, § 8-38(7) Code of Virginia, which lays venue of a suit against a nonresident defendant in any city in which he may be found, etc.

On the other hand, defendant suggests she is exempt from service while present in the state for the purpose of testifying, and cites § 19.1-277, which is a portion of the "Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings" and literally applies only to criminal cases. Yet, the same rule applies in other cases by virtue of the practice and decision; and it has been held that by taking depositions merely to establish the facts incident to an improper service, the defendant does not waive or forfeit his position. See annotations to § 19.1-277; *Davis* v. *Hackney*, 196 Va. 651 (1955); *Wheeler* v. *Flintoff*, 156 Va. 923 (1931); *Abel* v. *Smith*, 151 Va. 568 (1928); and 2 W. & M. Review of Va. Law 303.

For these reasons, defendant's motion to quash will be granted and the case dismissed.

I have been much concerned with the proposition (though not raised by counsel) of whether that portion

of defendant's deposition going to the merits of the cause amounted to a "general" appearance, a waiver of defendant's objections to the service, and a preparation and participation in trial, since her testimony is now duly taken, recorded and ready to be read into the record. In this connection, please see 4 Am. Jur. 2d, *Appearances*, §§ 14, 17; 6 C.J.S., *Appearances*, §§ 12, 13; *Stanley* v. *Jones*, 197 La. 627, 2 So. 2d 45 (1941). Cf. *Ada Dairy Products Co.* v. *Superior Court*, 258 P.2d 939 (Okla. 1953).

But this point has been resolved in Virginia by Rule 3:6 which proves that a plea in abatement or motion to quash "is not waived" by other pleadings or even "by trial on the merits."