## CIRCUIT COURT OF ARLINGTON COUNTY

Voelker

v.

Voelker

January 26, 1983

Case No. (Chancery) 33529

By THOMAS R. MONROE

Under advisement is the Defendant's Motion to Quash Service of Process. I have carefully considered your arguments and examined the authorities submitted by you.

The question presented is the matter of service of process, Subpoena in Chancery and Bill of Complaint, Chancery No. 33529, on the Defendant in the Courthouse on November 9, 1982, when Defendant appeared in the Juvenile and Domestic Relations District Court for a final hearing involving custody and support of the minor child of the parties.

Defendant contends that he appeared pursuant to the Summons and Court Order, and thus such appearance was voluntary, rendering the service of process in this case before this Court invalid.

Complainant, on the other hand, contends that the service of process is valid.

Defendant has submitted the case of *Wheeler* v. *Flintoff and Yonan*, 156 Va. 923 (1931), as his authority bearing upon his exemption from service of process. In the *Wheeler* case the Supreme Court of Virginia held:

> The privilege, or exemption from service of a civil process on a witness while attending court in a State other than the State of his

residence, seems to be almost universally recognized. . .

Section 19.2-280 of the *Code of Virginia* provides that:

If a person comes into this State in obedience to a summons directing him to attend and testify in this State he shall not while in this State pursuant to such summons be subject to arrest or the service of process, civil or criminal, in connection with matters which arose before his entrance into this State under the summons.

Here the non-resident Defendant voluntarily appeared pursuant to the Summons and Notice. I am of the opinion, after considering *Wheeler* v. *Flintoff, supra,* and *Davis* v. *Hackney,* 196 Va. 651 (1955), and Section 19.2-280, *Code of Virginia,* that a similar exemption applies to an out-of-state person, here Defendant, who is only involved in civil litigation in Virginia. The Motion to Quash Service of Process is granted.