MICHAEL GRANVILLE LESTER

v.

MARY LAGALE O'NEAL LESTER BENNETT

No. 0018-84

Argued April 30, 1985

Decided August 20, 1985

COUNSEL

Roy David Warburton, for appellant.

Richard W. Davis, for appellee.

OPINION

**BENTON, J.**—Michael Granville Lester contends in this appeal that he was immune from arrest and service of process in connection with an action brought by his former wife, Mary Lagale O'Neal Lester Bennett, in the Circuit Court of the City of Radford to collect delinquent child support payments. The arrest and service of process were made while Lester was in the Juvenile and Domestic Relations District Court of Pulaski County seeking to obtain custody of their minor child.

Lester and Bennett were divorced May 9, 1975, by decree of the Circuit Court of the City of Radford. The decree awarded custody of the minor children to Bennett and granted leave to Bennett to proceed in the juvenile and domestic relations district court for a support order. On January 7, 1981, upon Bennett's petition, the circuit court reinstated the divorce suit on the docket

and ordered Lester, whose last known address was in South Carolina, to pay $300 per month support for the minor children.

On October 4, 1984, the Juvenile and Domestic Relations District Court of Pulaski County issued a summons for Lester's appearance in connection with a proceeding instituted by Lester for the custody of his son, Michael G. Lester, Jr. The summons was issued at the suggestion of Lester's attorney and was to be served upon Lester, a Tennessee resident, by service upon his attorney.

On October 16, 1984, the circuit court entered an order directing the arrest of Lester and requiring him to show cause why he should not be imprisoned for contempt for failure to comply with the previous orders.

Upon Lester's arrival at the juvenile and domestic relations district court on October 22, 1984, for the custody hearing, he was served with the circuit court's show cause order and arrested. Hearing Lester's counsel by special appearance, the circuit court determined that it had jurisdiction to proceed, ruled that Lester was not immune from arrest and service of process, found him in contempt, and ordered him to commence support payments that day. This appeal ensued.

■ Lester relies upon Code §§ 8.01-327.2 and 19.2-280 for immunity from service of process and arrest. Code § 19.2-280, part of Virginia's version of the Uniform Act to Secure the Attendance of Witnesses from without a State in Criminal Proceedings, was enacted by the General Assembly to compel the attendance of nonresident witnesses in criminal proceedings. It provides that a person who comes into the state in obedience to a summons shall not, while in the state pursuant to the summons, be subject to arrest or service of process, civil or criminal, in connection with matters which arose before his entrance in response to the summons. *Id.; Davis* v. *Hackney,* 196 Va. 651, 654, 85 S.E.2d 245, 247 (1955). Non-resident witnesses could not be compelled to attend and testify in the criminal courts of this Commonwealth prior to the passage of the Uniform Act. *Davis* v. *Hackney,* 196 Va. at 654, 85 S.E.2d at 247.

Chapter 16, Article 2, which includes Code § 19.2-280, applies only to witnesses summoned in connection with a grand jury or a criminal action, prosecution, or proceeding. Lester was not in this

state in obedience to a summons to attend and testify in a criminal proceeding; therefore, Code § 19.2-280 provides no basis upon which he may claim immunity from arrest or service of process.

The Uniform Act, however, did not supplant the common law but was enacted in furtherance of the common law. *Davis* v. *Hackney,* 196 Va. at 654, 85 S.E.2d at 247. Several early Virginia cases state that exemption from arrest and service of process on a person attending court is a common law privilege. *Commonwealth* v. *Ronald,* 8 Va. (4 Call) 97 (1786); *Richards* v. *Goodson,* 4 Va. (2 Va. Cas.) 381 (1823). The privilege was seen as extending to judges, attorneys, witnesses and the parties. *Commonwealth* v. *Ronald,* 8 Va. at 98. In *Wheeler* v. *Flintoff,* 156 Va. 923, 159 S.E. 112 (1931), the Supreme Court stated that the reason for the privilege is:

> for the better protection of the courts in the administration of justice, and to prevent the intimidation of suitors, solicitors and witnesses, and the disturbance of officers of the court in the performance of their duties. It is primarily for the protection of courts, the privilege to the individual is merely incidental.

*Id.* at 928, 159 S.E. at 113.

Code § 8.01-327.2, the other statutory provision upon which Lester relies for his claim of immunity, reads in pertinent part:

> [T]he following persons shall not be arrested, apprehended, or detained under any civil process during the times respectively herein set forth, but shall not otherwise be privileged from service of process by this section:
> * * *
> (4) [A] witness, required by lawful authority to attend any court or place, during such attendance and while going to and from such court or place.

Code § 8.01-327.2 does not repudiate the common law rule, but it does create an exception to the privilege by permitting service of civil process upon a judge, grand juror or witness. Although the common law privilege was extended to attorneys and parties, *Commonwealth* v. *Ronald,* 8 Va. at 98, Code § 8.01-327.2 by its

terms does not apply to either attorneys or parties. Therefore, immunity from arrest and service of process is available to Lester only if permitted under the common law.

The courts also have created exceptions to the common law immunity from arrest and service of process. In *Lamb v. Schmitt,* 285 U.S. 222 (1932), the Supreme Court noted the rationale for the privilege—"the due administration of justice"—and held that because the privilege is for the benefit of the courts, it should be "extended or withheld only as judicial necessities require." *Id.* at 225. The *Lamb* decision also recognized an exception to the immunity doctrine and stated that the test for granting or withholding immunity is "whether the immunity itself, if allowed, would so obstruct judicial administration in the very cause for the protection of which it is invoked as to justify withholding it." *Id.* at 228.

This "related-litigation" exception has been applied in a number of contexts in which there was a relationship between the subject matter of the litigation in which process was issued and the subject matter of the litigation which the non-resident served was attending. *See generally* Annot., 84 A.L.R.2d 421 (1962). Although there are few Virginia cases which discuss common law immunity and none which discuss the "related-litigation" exception, we believe the application of the exception to this case is both appropriate and warranted.

Both the support action in which the *capias* was issued for Lester's arrest and the custody action which Lester was attending when he was served and arrested arose from and were incidental to the divorce decree entered May 9, 1975. The divorce decree awarded custody of the minor children to Bennett and initially referred the support determination to the juvenile and domestic relations district court. Subsequent to the entry of the decree, the circuit court which granted the divorce reinstated the cause on the docket and entered the support order, the violation of which provided the basis for the issuance of the *capias*. Both the support and custody matters involved issues concerning the relationship between the parents and the child and, in the context of this case, were inextricably linked to each other and to the 1975 decree.

Lester's contention that his appearance before the juvenile and domestic relations district court was primarily that of a witness who had been directed to attend and testify is unpersuasive. Les-

ter initiated the proceeding in the juvenile and domestic relations district court in order to obtain custody over the very child whom he had failed to support in accordance with a previous order of the circuit court. He arranged to have his counsel served with a summons directing his appearance at the custody proceeding. Lester has made no showing on this record that the issuance of such a summons was necessary or otherwise in aid of the judicial administration of the court. We hold, therefore, that the relationship which exists between the suit to enforce support payments and the proceeding to change custody of the minor child is such that to grant immunity to Lester would obstruct the due administration of justice. For the foregoing reasons, the judgment of the circuit court is affirmed.

*Affirmed.*

Koontz, C.J., and Hodges, J., concurred.