SAMUEL MICHAELSON, PLAINTIFF, v. JACOB GOLDFARB, DEFENDANT.

Submitted March 18, 1920—Decided June 14, 1920.

1. It is a practical rule of public policy in this state that a party to a suit, while necessarily going to, staying at, or returning from the court, is equally privileged from the service of a summons or of a *capias* in a civil proceeding.
2. This rule is applicable to a defendant under indictment and at large on bail, who has not been brought into the state by extradition from another state as a fugitive from justice.
3. *Rutledge* v. *Krauss*, 73 *N. J. L.* 397, distinguished; *Netograph Co.* v. *Scrugham*, 197 *N. Y.* 377, disapproved.

On motion to set aside service of summons.

Before Justices SWAYZE and PARKER.

For the plaintiff, *Charles E. Cook*.

For the defendant, *William L. Edwards*.

The opinion of the court was delivered by

PARKER, J. The defendant is a non-resident of this state, and when served with the summons in this cause was in the act of leaving the Monmouth county court house to return to his home in Brooklyn. He claims immunity from such service as a party to a cause pending in the Monmouth County Court of Oyer and Terminer.

The rule is thoroughly settled in this state by a line of cases beginning with *Halsey* v. *Stewart*, 4 *N. J. L.* 366, that a party to a suit while necessarily going to, staying at, or returning from the court, is equally privileged from the service of a summons or of a *capias* in a civil action. Our later decisions, with one exception presently to be noticed, relate to parties in civil suits, and witnesses. *Dungan* ads. *Miller*, 37 *Id.* 182; *Jones* v. *Knauss*, 31 *N. J. Eq.* 211; *Massey* v.

*Colville,* 45 *N. J. L.* 119; *Mulhearn* v. *Press Pub. Co.,* 53 *Id.* 153; *Richardson* v. *Smith,* 74 *Id.* 111, 114. But the rule thus broadly stated in *Halsey* v. Stewart is a rule of public policy, and as will appear from a perusal of the opinion in that case, was declared in support of the unrestricted operation of our courts and the proper disposition of cases before them free from interference with parties or witnesses by other civil litigation. "Courts of justice," says Mr. Justice Southard, "ought everywhere to be open, accessible, free from interruption, and to cast a perfect protection around every man who necessarily approaches them. The citizen, in every claim of right which he exhibits, and every defence which he is obliged to make, should be permitted to approach them, not only without subjecting himself to evil, but even free from the fear of molestation or hindrance." This rule, we believe, has never been relaxed or modified in this state. It was held inapplicable in *Rutledge* v. *Krauss,* 73 *Id.* 397, and for the reason that the defendant Krauss was not within this state as a free agent. He had been indicted by the Hudson county grand jury, had fled the state, was a fugitive from justice, and was brought back here *in invitum* by extradition proceedings. It would seem plain that the rule laid down by Justice Southard is in no way impaired by that decision.

The present case is not within the distinction of Rutledge v. Krauss. The present defendant, it is true, was indicted by the Monmouth grand jury but was in no sense a fugitive from justice. We are informed by the stipulated state of the case that he was a resident of Brooklyn, N. Y., was indicted by the Monmouth grand jury at October term, 1919, that on November 13th, 1919, he "appeared in court," pleaded to the indictments and gave bail to appear for trial on December 1st; that on that day he appeared again, and the cases were continued to a later date, and the bail continued also. He was served with the summons as he was leaving the court house.

It is argued that defendant was legally in custody of the law while under bail, and therefore subject to service of

outside process; and the New York case of *Netograph Co.* v. *Scrugham,* 197 *N. Y.* 377; 90 *N. E. Rep.* 962, is certainly in point and supports this proposition. But we are unwilling to give our assent to it. The New York court, while apparently unanimous, conceded that "the question was not free from difficulty;" and from the standpoint of our decisions the difficulty is insuperable. Theoretically, it is true, the defendant under bail is "in the friendly custody of his sureties." 6 *C. J.* 1042. They can of course arrest and surrender him at their option. Theoretically, in another sense he is in the custody of the law. But the question of exemption of witnesses and litigants from extraneous process is pre-eminently a practical one, whose end is to encourage such witnesses and litigants to attend our courts with confidence. For all practical purposes, a defendant under bail is as free as any other man so long as he keeps to the terms of his bond and retains the confidence of his sureties. If he is "in the custody of the law," so also, we suppose, is a defendant who has given cash bail or has been discharged on his own recognizance. In all three cases the bail is in a practical sense merely a security for his appearance. The distinction between this case and Rutledge *v.* Krauss becomes striking if we assume that this defendant had violated his bail bond, had fled, and had been recaptured and brought here. And it can readily be seen that defendants under bail would be tempted to evade our courts if they are aware that by voluntarily coming here to face an indictment, they are rendering themselves liable to summons or *capias* in a civil action. We might add that similar reasoning might well induce witnesses under bail in criminal cases to take similar action.

Applying the rule in Halsey *v.* Stewart as a practical rule of public policy directed to facilitating the administration of justice in our courts, we conclude that the privileges of that rule extend to a defendant under indictment who has not been extradited as a fugitive from justice and is at large under bail. As a result, the service of the summons must be set aside.