ARTHUR E. KLAIBER, PLAINTIFF, v. JOSEPH FRANK, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided April 26, 1951.

*Mr. Benjamin Shanefield,* attorney for plaintiff.

*Messrs. Minard, Cooper, Gaffey & Webb (Mr. John J. Gaffey* appearing), attorney for defendant.

HARTSHORNE, J. C. C. (temporarily assigned). The trial of this cause has been submitted on stipulated facts to this court without a jury. The situation here involved has been before the courts of New Jersey and Florida for some years, starting with defendant decedent's contest of his extradition to Florida for crime, as ordered by this court, and affirmed on appeal. *Frank v. Naughright, Judge,* 1 *N. J. Super.* 242 *(App. Div.* 1949). On his extradition to Florida, and while he was in custody there, decedent Frank was served with civil process at the suit of Diamante Mehos, plaintiff Klaiber's assignor, upon a promissory note for $5,566.49. It is stipulated that this "civil action arises out of the same facts as the criminal proceedings" above, and while there may be a technical question as to this, in the light of the other facts stipulated, this question becomes immaterial, for reasons hereafter set forth. Judgment on this civil action was thereafter

taken against defendant's decedent in Florida by default. Thereafter decedent died, the defendant in the instant suit being appointed executor of his estate.

The present suit is brought on the Florida judgment, by the assignee of such judgment, against the defendant, as executor of the estate of the judgment debtor. The present defendant claims that the Florida judgment was invalid for lack of jurisdiction in the Florida court so that the present complaint is based on a nullity. More specifically, this claimed lack of jurisdiction is based on the provisions of the Uniform Extradition Act in effect in both Florida and New Jersey, and throughout practically the entire country, the pertinent section being *Laws of Florida, sec.* 941.25, and of New Jersey, *R. S.* 2:185-34. Such are the facts in barest outline.

The section in question provides: "A person brought into this state on, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceeding to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited."

The specific issue is whether the provision that such person shall not be "subject to service of personal process in civil action * * *" means that the Florida courts are powerless to serve a person so situated, though he be within their jurisdiction otherwise, or, on the other hand, that his exemption from service is a personal privilege, extended to him for his personal benefit, which he, therefore, can waive and does waive, if he does not seek to set aside such service before judgment is taken. In short, the question is whether such service of process under such circumstances is void or voidable. The pertinence of this issue is the handbook law, that normally New Jersey must enter prompt judgment upon the basis of the Florida judgment under the full faith and credit clause of the United States Constitution, unless it was

beyond the jurisdiction of the Florida court to take such judgment in the first place, or such fraud has been perpetrated on the Florida court in taking such judgment as to have deprived such court of jurisdiction in the eye of the law. Thus, if the Florida court had no jurisdiction to enter the basic judgment, judgment in New Jersey must go for defendant. On the other hand, if the Florida court retained jurisdiction over this person in custody, as it did over the State of Florida generally, but this service of process on him was voidable at his instance, because of the protection extended him by the Extradition Act, then, since he failed to avail himself of this privilege extended for his personal benefit, the Florida court had jurisdiction, and its judgment must be given full faith and credit here, with resultant judgment for plaintiff in New Jersey.

Counsel admit, and this court confirms the fact, after careful search, that while the above statutory provision is the law in practically every state in the country, the meaning of this section of the statute, as to the question here involved, has never yet been construed by the courts of this country. In the absence of authority, the rule of reason is to be applied, first as to the language itself, and then, if within such language, to the presumed intent of those who drafted and enacted the statute, in the light of the evil to be remedied and the consequent purpose of the statute. True it is that the statute says that the person in question "*shall not be subject to service of personal process*," the word "shall" being normally mandatory. However, depending upon the context, "shall" may be construed in a permissive sense, if the character of the legislation so indicates. *In re Hardman*, 131 *N. J. L.* 257 (*Sup. Ct.* 1944); *Jersey City v. State Board of Tax Appeals*, 133 *N. J. L.* 202 (*Sup. Ct.* 1945). Moreover, here plaintiff does not even seek to have "shall" construed in a permissive sense. Plaintiff agrees that such a person "shall not be subject to service of personal process," exactly as the statute says—if such person so elects. But, plaintiff contends that this statutory exemption is a mere

personal privilege which defendant can waive, and has waived in this case. To hold otherwise, it is contended, would be to find that the Florida Legislature, the New Jersey Legislature, and the Legislatures of the rest of the states of the Union, as well as the National Conference of Commissioners on Uniform State Laws, which originally drafted the words in question, all intended to wipe out the power of the courts of this country over this particular person among all those physically within their jurisdiction, and this person, one who had fled from a charge of crime and been brought back against his will to the state over which such court has jurisdiction.

What then was the evil to be remedied, to meet which the provisions in question were drafted and enacted? More specifically, what was the nature at common law of the immunity from service of process of those coming into a state voluntarily, or of those who were extradited thereto from without the state?

Not only in New Jersey, but by the overwhelming weight of authority throughout the country, a non-resident is privileged from arrest or service of civil process while necessarily going to, attending at, or returning from, judicial proceedings in any court of this State, provided that person was a suitor, a witness, or even a defendant, who had come into this State voluntarily, to aid the administration of justice. This is because of the public policy of encouraging persons to aid the courts in doing justice. On the other hand, this rule did not apply to those who were brought into the State against their will, such as defendants on extradition. This was because, as to such persons, the reason of the rule was lacking. They were not voluntarily aiding in the administration of justice, but were being forced against their will to return to face justice. *Halsey v. Stewart,* 4 *N. J. L.* \*366 *(Sup. Ct.* 1817) ; *Rutledge v. Krauss,* 73 *N. J. L.* 397 *(Sup. Ct.* 1906) ; Michaelson *v. Goldfarb,* 94 *N. J. L.* 352 *(Sup. Ct.* 1920) ; *Morgan v. Morgan,* 15 *N. J. Misc.* 101 *(Ch.* 1936), affirmed 122 *N. J. Eq.* 2 *(E. & A.* 1937). At common law, therefore, the extradited defendant in the instant Florida proceedings could ask

for no protection whatever from the Florida courts. It is further settled law that as to a voluntarily returning witness, such "service of civil process, even upon a nonresident, is not void, but voidable. The exemption afforded a nonresident by law may be waived. If, however, he desires to claim his immunity, it is incumbent upon him to do so by a proper notice to vacate the service." *Morgan v. Morgan, supra,* 15 *N. J. Misc.* at *pp.* 105-1,06. This, too, is the principle established throughout the country by the weight of authority. 50 *C. J., Process, p.* 558, *sec.* 251.

Parenthetically it is interesting to note that the court in the *Morgan* case apparently considered the question whether the defendant there was in the exact status of the defendant here, *i. e.,* one involuntarily within the state in a civil action "arising out of the same facts as the criminal proceedings." Further, the section of the Extradition Act in question had been adopted in New Jersey a few months before the decision in the *Morgan* case. But, since the opinion does not allude to the statute, the *Morgan* case cannot fairly be claimed as an authority in point.

Such being the common law situation, did our legislatures intend to give these criminal defendants, forced to face justice against their will, a greater protection than existed, for instance, for the benefit of witnesses who volunteered to come within the jurisdiction, for the purpose of aiding the courts in administering justice? The question answers itself.

What then was the purpose of the section? This is made clear by the additional words therein, that its protection is given such persons, only when the civil action arises "out of the same facts as the criminal proceedings." Its clear purpose thus was to protect such defendants from a situation fraught with the possible abuse of the criminal process, at the instigation of a civil suitor, for his own personal profit. Nor did this protection exist at common law. *Rutledge v. Krauss, supra.* Thus construed, an appropriate purpose for the protection of an extradited defendant is perceived in the enactment of the statute. This construction, on

the other hand, does not go to the unreasonable extreme of giving this defendant, forcibly returned to the state from which he has fled, to face criminal prosecution, a protection greater than that which the law gives witnesses and others who voluntarily return to the state to help its courts do justice.

Since this meaning is fully consonant with the words of the statute, such must be held to be its intent.

Defendant also claims fraud on the Florida jurisdiction, irrespective of the statute, this because the extraditing Florida district attorney had in the past represented plaintiff in the Florida civil action. But, the attorneys who brought the civil action for such plaintiff were a different law firm from the district attorney, and there is no proof of any collusion or other arrangement between the district attorney and this other firm, or plaintiff himself. The fact that the district attorney, subsequent to the bringing of suit, became associated with the attorneys who brought it, is, of course, suspicious. But, fraud is not to be imputed legally on mere suspicions, but only on clear proof. This proof is lacking.

Judgment will, therefore, go for plaintiff, counsel to prepare formal findings under the rules.