87 N.J. Super. 227 (1965)
208 A.2d 810
RAMIRO SANTOS (AND 19 OTHERS), PLAINTIFFS-APPELLANTS,
v.
ANSELMO FIGUEROA, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 23, 1965.
Decided April 9, 1965.
*229 Before Judges CONFORD, KILKENNY and LEWIS.
Mr. Nicholas H. Politan argued the cause for appellants (Messrs. Krieger & Chodash, attorneys).
No appearance by defendant-respondent.
The opinion of the court was delivered by CONFORD, S.J.A.D.
Plaintiffs, 20 in number, sued defendant for the fraudulent conversion of the sum of $17,460 entrusted by them to him. They had him served with a summons *230 and complaint in the action, and also with an order for a capias, on September 18, 1963, immediately after his attendance at an arraignment in Jersey City on a criminal charge against him arising out of the same transaction as underlay the civil complaint. At the same time he was arrested pursuant to the capias. On motion by defendant, the process was set aside by the trial court on the ground that defendant was a nonresident of this State who had voluntarily come into the State to attend a judicial proceeding and was consequently immune from service of process at the time and under the circumstances related. Michaelson v. Goldfarb, 94 N.J.L. 352 (Sup. Ct. 1920); Herman v. Arndt, 116 N.J.L. 150 (E. & A. 1936). Plaintiffs appeal.
At the time of rendition of the decision below the law on the subject was as declared by the trial court, supported by the cited decisions. Shortly thereafter the Supreme Court, in Wangler v. Harvey, 41 N.J. 277 (1963), broadly struck down the ancient doctrine of immunity from service of civil process, at least in respect of nonresidents attending civil judicial proceedings in this State as parties, whether as plaintiffs or defendants. Plaintiffs in the present case urge that the rationale of Wangler warrants its application as well to a person coming into New Jersey to answer a criminal charge, his presence in the State not being attended with any abuse of process. They also seek a reversal of the fact-finding by the trial court that defendant was a domiciliary of Illinois rather than of New Jersey when service of process upon him was effected in September 1963.

I.
We consider first the appellate contention that the proofs did not warrant the trial court determination that defendant was a nonresident of New Jersey  to the contrary, a domiciliary of Illinois  when served with process here.
Defendant, apparently unmarried, had been a resident of Jersey City for some years prior to June 1963, his last residence *231 there before departing for Chicago, Illinois, having been with his mother. Defendant testified that at the time of his civil arrest he was temporarily staying with his mother in Jersey City, but that he had previously established a residence in Chicago with a relative, giving the specific address, and had obtained and begun employment with a named business concern in that city. Before moving to Chicago he had turned in some furniture for a debt owing thereon, and when he left Jersey City he took with him all his personal effects.
Plaintiffs urge that the circumstances indicate that defendant left the city solely to abscond from their claims against him and to avoid criminal prosecution therefor. They contend there is no evidence that he never intended to return to Jersey City, and that the proper inference is to the contrary, as all his natural ties were to that city and this State. At the hearing plaintiffs adduced evidence of admissions made by defendant when he first returned to New Jersey to answer the criminal charges, in June 1963, that he resided in Jersey City. However, there was testimony by one of the plaintiffs that defendant had been found by him to be working in Chicago after he left Jersey City and that his automobile bore Illinois license plates.
We conclude that there is insufficient before us to warrant setting aside the fact-finding by the trial judge that defendant changed his domicile from New Jersey to Illinois prior to his service with process in this case. His motive for doing so is immaterial, if in fact his intention was to establish a home in Illinois with the intent of remaining there for the indefinite future. See Gosschalk v. Gosschalk, 48 N.J. Super. 566, 573 (App. Div. 1958), affirmed o.b. 28 N.J. 73 (1958). The objective facts proven in this case were consistent with the legal requirements for a change of domicile, and the implicit determination by the trial judge of the necessary mental state on the part of defendant cannot be said to be so contrary to the evidence as to warrant our redetermination of the factual issue. The finding of defendant's nonresidence is consequently affirmed.

*232 II.
We proceed to the question whether defendant was immune from service of the summons and complaint under the present law of this State. At the moment, we put to one side the matter of the validity of defendant's actual arrest under the capias. We also defer the matter of the significance here of N.J.S. 2A:160-34 (immunity under the Uniform Criminal Extradition Law).
It appears from the record herein that defendant was arrested by the Chicago or Cook County, Illinois, police some time in June 1963 on request of the Jersey City or Hudson County law enforcement authorities. No formal extradition proceedings were instituted; it does not appear that the Governor of New Jersey executed an extradition demand addressed to the Illinois authorities, nor that the Governor of Illinois executed, or was requested to do so, an extradition warrant or warrant of arrest of defendant, pursuant to any request from New Jersey or otherwise. It was stipulated on the record of the hearing below "that the defendant has returned to New Jersey voluntarily * * * and not by virtue of extradition." It appears further that he voluntarily returned to Jersey City in the company of two Jersey City police officers about June 19, 1963; was there arrested on the criminal complaint filed against him by plaintiffs; executed a bail bond to obtain his release; and then went back to Chicago, and finally returned again to Jersey City for the arraignment at which he was served with the civil process in this matter. We were informed at the oral argument that ultimately the Hudson County grand jury voted not to indict him.
Upon full consideration, we are in accord with plaintiffs' contention that the spirit and philosophy of the Supreme Court opinion in Wangler v. Harvey, supra, extends to the abolition of the immunity from service of process formerly extended to nonresidents voluntarily present in this State for purposes of attendance as parties at criminal proceedings as *233 well as in the case of such persons when attending civil proceedings  the latter category having been explicitly ruled on by Wangler. The opinion of the court traces the history of the immunity rule in this State from its early justification, in Halsey v. Stewart, 4 N.J.L. 366 [Reprint 426] (Sup. Ct. 1817), on the policies of encouragement and protection of suitors in approaching the courts and relieving the process of judicial administration from the interruption thereof which would be caused by such service (41 N.J., at p. 281); and it mentions the other policy considerations thought to justify the rule, such as the preservation of the dignity of the court, encouragement of attendance of persons necessary to the exercise of the judicial function, and sound public policy, citing, in that connection, Michaelson v. Goldfarb, supra (which involved an attendant at a criminal proceeding). Ibid. The court then develops the policy considerations against the rule of immunity, primarily that in favor of a creditor's right to subject his debtor to suit in any jurisdiction where found, and of leaving the burden of travelling to the forum upon the debtor rather than the suing creditor. Id., at p. 285. The traditional reasons for the rule of immunity are found "more fanciful than real," id., at p. 283, and the doctrine itself is deemed to move "in a direction wholly inconsistent with today's concept of justice," id., at p. 285. The court adopts the guiding principle that the matter of justice to the nonresident should be handled in accordance with established principles of forum non conveniens. Id., at p. 286.
Nothing in the foregoing reasoning suggests an intent by the court to permit the survival of the principle of immunity as to persons served with process while voluntarily attending criminal proceedings to which they are parties. The same motivation of self-interest applies to such persons as the court noted in respect of those attending civil proceedings as defendants. See 41 N.J., at p. 284. There is no policy justification apparent to us for giving a nonresident, attendant as a defendant at a criminal proceeding, an immunity from process which is not granted a resident in the same contingency. *234 Policy considerations militating in favor of creditors, alluded to in Wangler, are certainly not less pertinent in relation to a nonresident debtor who has been served with process while attending criminal proceedings than in relation to one served while attending a civil proceeding.
The citation of Michaelson v. Goldfarb (involving service of one attendant at a criminal case) in Wangler (41 N.J., at p. 281), supports the assumption that the Wangler court would not have been disposed to distinguish between criminal and civil cases in its sweeping discard of the immunity rule. And the Michaelson opinion itself rested its application of the principle of immunity on the broad policy grounds enunciated in Halsey v. Stewart but rejected as outmoded in Wangler.
Finally, it should be noted that considerably fewer jurisdictions accord immunity to nonresident parties appearing in criminal cases than to those appearing in civil cases. See 72 C.J.S. Process §§ 80, 82, pp. 1112-1120; 1121-1123; 42 Am. Jur., Process, §§ 139-156, pp. 119-135; Annotation 20 A.L.R.2d 163, 166 (1951). Moreover, no jurisdiction which allows the immunity in favor of one appearing in a criminal case disallows it to one appearing in a civil case. Thus, broadly, the immunity is more widely favored for those in the latter category.
For the foregoing reasons, we conclude that, whether the inquiry is pursued in terms of the putative intent of the Supreme Court in writing Wangler, or of what an independent analysis would indicate to be appropriate on the hypothesis of a destruction of the immunity as to nonresidents appearing in civil cases, the hitherto immunity in this State of nonresidents coming here to attend criminal proceedings as parties should be deemed abolished in consequence of the rendition of Wangler.
Approaching the matter from the standpoint of forum non conveniens, as prescribed by Wangler, no such consideration can be of aid to defendant here. The 20 plaintiffs live here; the transaction complained of took place in this State. *235 The litigation should proceed here. However, our reversal and remand for further proceedings in the trial court will be without prejudice to any effort by defendant to establish, if he can, that the prosecution of the criminal proceedings by the plaintiffs was in bad faith for the sole purpose of enabling plaintiffs to effect personal jurisdiction over defendant in the present action. Cf. Wangler v. Harvey, supra (41 N.J., at p. 28.
However, insofar as the order under review set aside the arrest on capias, it will be affirmed. The decision in Wangler left intact the principle that a nonresident in attendance at court should not be arrested, as such an action impugns the dignity and affects the actual functioning of the court. 41 N.J., at p. 284.

III.
The determinations thus far arrived at in this opinion should ordinarily have sufficed to conclude the disposition of the appeal. However, at the oral argument this court on its own motion projected the possibility that the judgment should be affirmed on the independent ground that the service of summons on defendant was illegal because in contravention of N.J.S. 2A:160-34 (substantially identical with section 25 of the Uniform Criminal Extradition Law). Plaintiffs were given an opportunity to argue and brief the point (defendant has not filed a brief or appeared on this appeal at all).
Upon giving the matter further consideration, however, the court has decided that (1) defendant is not entitled to have the court consider the point, never having attacked the service on the basis thereof himself; and (2) in view of the first conclusion, we need not here decide whether defendant was "brought into" New Jersey on or after waiver of extradition within the intent of the act.
The cited provision of the statute was adopted as a later supplement of the Uniform Criminal Extradition Law, which substantially in its entirety was enacted in this State by L. *236 1936, c. 42. The statute is now found in N.J.S. 2A:160-6 to 35. Section 34 reads as follows:
"A person brought into this state on, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceeding to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited."
The incorporation of this provision in the uniform extradition act was for the purpose of defeating abuse of the extradition process at the instance of claimants seeking to bring the defendant into the forum state solely to effect service of civil process. Klaiber v. Frank, 13 N.J. Super. 388, 394 (Law Div. 1951), reversed on other grounds in 9 N.J. 1 (1952); Thermoid Company v. Fabel, 4 N.Y.2d 494, 176 N.Y.S.2d 331, 151 N.E.2d 883, 886 (Ct. App. 1958).
Our conclusion in respect of the applicability of this statute to the instant matter is that, were it germane here at all, it would at most give defendant a right to invoke it as the basis for an appropriate motion before the trial court to set aside the service of process. Noncompliance with the statute would make the service voidable, not void. This was the holding of the Law Division in Klaiber v. Frank, supra. The trial court in Klaiber pointed out that the common-law immunity of a nonresident from service of process while attending court as a party must be claimed by a beneficiary of the rule by appropriate motion, or else it will be deemed waived. See 72 C.J.S. Process § 88, pp. 1124 et seq. In reasoning which was not disturbed by the Supreme Court on the appeal (9 N.J. 1), and which we deem sound, the court deduced that in adopting the immunity provision of the cited statute the Legislature was not intending to create a greater right of immunity in an extradited defendant served with civil process in this State than the common law gave nonresident parties when in attendance at judicial proceedings. Since the latter class of litigants could waive the immunity *237 by failure timely to assert it, so could the former. The application of the rule of waiver to the present case is particularly justified, for it subserves the salutary procedural principle that a litigant should adduce at one and the same time all his then available claims or defenses.
Applying the stated principles in the present instance, it is clear from the record that defendant has at no time claimed the immunity of the uniform extradition act. He attacked the service of process in the trial court, but only on the basis of the general rule of immunity. Nor can this be deemed a matter of inadvertence, as the immunity provisions of the act were expressly adverted to during colloquy between the court and counsel at the hearing of the motion. The failure of defendant to make claim under the act was apparently based upon the assumption that the act was not invocable where no extradition proceedings had been even instituted  a view seemingly shared by the trial court. In any event, whatever the reason for the defendant's failure to move before the trial court for immunity on the basis of the act, the fact of such failure would preclude him, under the Klaiber rule, from asserting the claim for the first time on this appeal, and we should clearly not, in his default of brief and appearance and on our own motion, raise the point on his behalf.
As indicated, we take no position on the question whether the statute would have been effective to invalidate this service had it been appropriately taken advantage of by the defendant. But see Reverie Lingerie, Inc. v. McCain, 258 N.C. 353, 128 S.E.2d 835 (Sup. Ct. 1963); Thermoid Company v. Fabel, supra.
The vacation of the arrest is affirmed; the setting aside of the service of summons and complaint is reversed, and the cause is remanded for further proceedings consistent with this opinion. No costs on this appeal.