No. 21855.

WILLIAM NEIL POSS *v.* THE DISTRICT COURT
IN AND FOR EL PASO COUNTY, ET AL.
(408 P.2d 69)

Decided November 22, 1965.

BENNETT and HEINICKE and KENT J. FENNIE, for peti-
tioner.

STRAND, HOLST and HILBERT, for respondents.

*En Banc.*

MR. JUSTICE McWILLIAMS delivered the opinion of the Court.

THIS is an original proceeding wherein Poss seeks to enjoin the district court in and for El Paso County from proceeding further in a certain civil matter now pending in that court wherein he is the party defendant. Poss claims that the service of process upon him in that proceeding is invalid and hence the district court in and for El Paso County does not have jurisdiction over his person.

This controversy emerges out of the following sequence of events:

1. On June 12, 1964, Poss (a resident of South Dakota temporarily in Colorado) was involved in an automobile accident which occurred in El Paso County near the City of Colorado Springs, and as an outgrowth of this accident a criminal charge was brought against Poss in the district court in and for El Paso County;

2. In connection with the foregoing criminal charge Poss was ordered to appear before the district court in and for El Paso County on January 12, 1965, for the purpose of being arraigned;

3. On January 12, 1965, Poss, still a resident of South Dakota, appeared before the district court in and for El Paso County for the purpose of being arraigned on the aforementioned criminal charge, Poss having made the journey from South Dakota to Colorado Springs for the sole purpose of answering the criminal charge then pending against him in that court; and

4. On January 12, 1965, Poss was served at the courthouse in Colorado Springs with a summons and a complaint in a civil suit arising out of the same auto-

mobile accident which formed the basis for the criminal prosecution.

Poss appeared specially in the civil suit arising out of the accident of June 12, 1964, for the sole purpose of having the purported service quashed and held for naught, contending that under the circumstances set forth above he was immune from service. The trial court denied the motion. Thereupon Poss instituted an original proceeding in this court, contending that the trial court did not have jurisdiction over his person as the purported service upon him was improper and to no effect. We issued a rule to show cause; the respondents have now filed their answer thereto and the matter now awaits our determination.

The parties hereto are in agreement that this is a matter of first impression in Colorado and furthermore that there is a sharp division of judicial thinking in other jurisdictions on this particular subject. For background material regarding the general subject of persons who are exempt from service of process, see 42 Am. Jur. *Process,* § 135 et seq., pp. 115 to 135.

By way of introductory comment, brief reference should also be made to two decisions of this court which touch upon this general subject, though it is agreed that neither is dispositive of the present controversy. In *Kelly v. Pennington,* 78 Colo. 482, 242 Pac. 681, it was held that a non-resident defendant in a civil action who had not been served with process but who nonetheless voluntarily came into Colorado to testify in behalf of a co-defendant upon the trial of the matter was immune from service of civil process while engaged in such attendance, and for a reasonable time in coming and going, or as is sometimes said, *eundo, morando, et redeundo.* In *Norquist v. Norquist,* 89 Colo. 486, 4 P.2d 306, this court declined to apply the rule announced in *Kelly v. Pennington, supra,* to the situation where a non-resident of Colorado who had been extradited from California to Colorado to answer a criminal charge of

non-support was served while in a local jail with process in a civil proceeding. In that case it was held that *if* such person were exempt from civil process while thus within the state, he had by appearing and participating in the civil proceeding waived the exemption, "if it ever existed."

■ As already noted, there is a decided division of judicial authority from other jurisdictions as to whether a non-resident who comes into a state in connection with a criminal charge then pending against him is exempt from service of process in a civil suit arising out of the transaction or occurrence which gave rise to the criminal prosecution. For background material on this particular matter, see 20 A.L.R.2d 163. The matter having not heretofore come before this court, we are free to adopt the rule which seems to us to be the better reasoned one. We have come to the conclusion that the preferred rule dictates that the service of process upon Poss is not improper and invalid, but on the contrary is proper and valid in all respects.

■ Our general thinking on this subject is akin to that expressed in *Netograph Manufacturing Company v. Scrugham,* 197 N.Y. 377, 90 N.E. 962. In that case the New York Court of Appeals observed that the privilege of immunity from service should not be extended beyond the reason of the rule upon which it is historically founded. Pursuing this thought, then, that court went on to state as follows:

". . . . Since the obvious reason of the rule is to encourage voluntary attendance upon courts and to expedite the administration of justice, that reason fails when a suitor or witness is brought into the jurisdiction of a court while under arrest or other compulsion of law. Such a suitor or witness does nothing to encourage or promote voluntary submission to judicial proceedings. He comes because he can not do otherwise."

In the instant case Poss was the defendant in a criminal proceeding instituted in the district court in and

for El Paso County and arising out of an automobile accident in that county. Although the record before us is unclear in this regard, Poss presumably was taken into custody, and later released on bond or some form of recognizance, with the express "order" that he reappear before that court at a later date for arraignment. To characterize his subsequent appearance in the district court in and for El Paso County for the purpose of being arraigned as a purely "voluntary" appearance for the laudable purpose of expediting the administration of justice would under the circumstances be unrealistic and unwarranted. Rather, Poss's appearance in Colorado Springs to answer the criminal charge pending against him results from the very compulsion of the law. In further support of our conclusion that the service of process upon Poss in Colorado Springs on January 12, 1965, was proper and valid, see *Santos v. Figueroa,* 87 N.J. Super. 227, 208 A.2d 810; *Wangler v. Harvey,* 41 N.J. 277, 196 A.2d 513; *Chauvin v. Dayon,* 14 App. Div.2d 146, 217 N.Y.S.2d 795; *and Reverie Lingerie, Inc. v. McCain,* 258 N.C. 353, 128 S.E.2d 835.

█ In our disposition of the controversy we are not unmindful of C.R.S. 1963, 60-1-24, which provides that a person who is brought into this state "by, or after waiver of, extradition" which is based upon a criminal charge is not subject to service of process in a civil action arising out of the same facts which form the basis for the criminal proceeding until such person has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited. This statute has no applicability to the instant case, as it is agreed that Poss was not brought into this state "by, or after waiver of, extradition." Nor does the existence of such a statute in anywise dictate that Poss be declared exempt from service of process. See, in this regard, *Santos v. Figueroa, supra,* and *Reverie Lingerie v. McCain, supra.*

Even though C.R.S. 1963, 60-1-24, is inapplicable, it should be specifically noted that there is no suggestion that the criminal charge filed against Poss was in anywise a sham or trumped up proceeding instituted for the purpose of getting Poss back into Colorado for the sole purpose of effecting service of process upon him in a civil proceeding. It is also noted that the criminal proceeding was instituted against Poss very shortly after the automobile accident which forms the basis for the criminal charge, whereas the civil action based on the same occurrence was not filed until several months later.

The district court in and for El Paso County having jurisdiction over Poss, the rule to show cause is now discharged.

MR. CHIEF JUSTICE PRINGLE dissents.